Eusebio Soloranzo COSTILLA, Appellant,

v.

The STATE of Texas.

No. 1901–02.

Court of Criminal Appeals of Texas.

Oct. 6, 2004.

---

Ernest Barrientos, Conroe, for Appellant.

Gail Kikawa McConnell, Asst. District Atty., Conroe, Matthew Paul, State's Atty., Austin, for State.

### OPINION

HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., MEYERS, PRICE, JOHNSON, KEASLER, HERVEY, and, COCHRAN, JJ, joined.

We granted review to determine whether the court of appeals erred in holding that strict compliance with Article 27.13 of the Texas Code of Criminal Procedure was not required in this case. Appellant argues his conviction is void because the trial court did not obtain an oral plea from him or otherwise failed to interact with him personally, thus rendering his guilty plea involuntary. We affirm the judgment of the appellate court.

### I. Relevant Facts

Appellant was indicted for felony driving while intoxicated.[1] Appellant is an alien and claims he does not speak English. A hearing was held to accept his guilty plea. No plea bargain agreement had been negotiated.

**The Plea Hearing**

Appellant appeared in person with trial counsel George Renneberg, who is bi-lingual. No interpreter was present.[2] Trial counsel informed the court that appellant would enter a plea only as to guilt, and punishment would be tried to the court. The following transpired:

THE COURT: Advise your client that he has been charged with driving while intoxicated, a felony.

MR. RENNEBERG: He understands, Your Honor.

THE COURT: How does he plea?

MR. RENNEBERG: Guilty, your Honor.

THE COURT: All right. Have you explained the range of punishment to him?

MR. RENNEBERG: Yes, sir, your Honor, I have.

THE COURT: And does he understand it?

MR. RENNEBERG: He understands the range of punishment part of this offense, yes.

---

1. See Tex. Pen.Code Ann. § 49.09(b)(2) (Vernon Supp.2004).

2. In his brief, appellant refers to the fact that no translator was appointed. We should point out that the trial court could have appointed any qualified person to be the interpreter and apparently found Rennenberg to be qualified. Tex.Code Crim. Proc. Ann. art 38.30 (Vernon Supp.2004); see also, Briones v. State, 595 S.W.2d 546 (Tex.Crim.App.1980).

THE COURT: I'm going to cut everything short here. I've got these and I'm going to address my questions to you.

MR. RENNEBERG: Very well, sir.

THE COURT: This admonishment, statements and waivers forms, every paragraph where your client has signed his name out beside it, did you discuss those with him?

MR. RENNEBERG: Yes, sir, I did translate[ ] those from English into Spanish and secured at least an acknowledgment of understanding from Mr. Costilla in each case. And in those instances where there is a full signature rather than merely initials, those are the signature of my client; I've witnessed them being made.

THE COURT: Okay.

STATE'S COUNSEL: State would—

THE COURT: I'm going to accept his plea of guilt.

STATE'S COUNSEL: State requests the stipulation and admonishments being made.

THE COURT: Do you have any objections to the stipulations of the evidence, the admonishment statements and waivers?

MR. RENNEBERG: No, Your Honor.

THE COURT: They'll be admitted. As far as your agreement with the State,

at this point, it involves a finding of guilty and then to put it off for punishment to another date or do I withhold the finding of guilt also?

MR. RENNEBERG: That has not been specifically addressed, your Honor, but it's not significant because my client cannot get deferred adjudication. A finding of guilt would be appropriate at this time.

STATE'S COUNSEL: Yes. Correct.

THE COURT: Then, I find you guilty of driving while intoxicated, subsequent offense.

Appellant also submitted plea documents in which he stipulated to the evidence, admitted guilt, and acknowledged that he understood the admonishments.[3] The documents further reflect that trial counsel explained the stipulations to appellant and he intelligently signed the same.

**The Punishment Hearing**

An interpreter translated the punishment hearing into Spanish. Appellant did not respond when trial counsel asked him if he had pleaded guilty to the offense. But, when asked, "What do you want the Judge to do with you?" appellant replied in English, "Probation." After hearing this statement, the trial court sentenced appellant to five years in prison. The trial court prefaced its sentencing with "upon your plea of guilty earlier, this Court is

---

3. As evidenced by his signature on the documents, appellant acknowledged that he understood the charge against him, the range of punishment, and the immigration consequences of his conviction. In addition, appellant's signature appears next to the following pertinent statements and waivers: I am mentally competent and I understand the nature of the charge against me; I understand the admonishments of the trial court set out herein; I hereby WAIVE my right to have the trial court orally admonish me; I fully understand the consequences of my plea herein, and after having fully consulted with my attorney, re-

quest that the trial court accept said plea; I have freely, knowingly, and voluntarily executed this statement in open court with the consent and approval of my attorney; I read and write/understand the Spanish language; the foregoing Admonishments, Statements, and Waivers as well as the attached written Stipulation and Jury Waiver, were read by me or were read to me and explained to me in that language by my attorney and/or an interpreter, namely George Renneberg, before I signed them, and I consulted with my attorney before entering this plea. . . .

now going to find you guilty of driving while intoxicated a subsequent offense, a felony." The trial court further admonished appellant of the immigration consequences of his plea and asked, "You understand that?" In response, the record reflects that appellant nodded his head affirmatively. Although all communications at this proceeding were translated, appellant did not complain of the trial court's failure to obtain an oral guilty plea or interact with him at the prior hearing.

**The Motion for New Trial**

Appearing by and through newly appointed counsel, appellant complained that Mr. Rennenberg was ineffective because he tricked appellant into pleading guilty, or otherwise promised that appellant would be sentenced to fewer than three years. To support his claim of ineffective assistance of counsel, appellant attached an affidavit swearing to the allegations, but the court refused to rule on the motion, and it was subsequently overruled by operation of law. The relevant point here is, appellant made no reference to or any complaint of the trial court's failure to obtain an oral guilty plea in the motion or the affidavit.

## II. Discussion

As a preliminary matter, we note that the court of appeals found that the issue was reviewable despite appellant's failure to raise the complaint in the trial court. However, we granted review to determine the substance of the issue, and we decline to address whether the complaint is procedurally barred.[4]

---

4. The exact issue we address, as set forth in appellant's brief, is whether the court of appeals erred in holding that the trial court complied with article 27.13 of the Texas Code of Criminal Procedure, even though the trial court did not secure the defendant's spoken plea of guilty and did not interact with the defendant at the time of the plea.

As to the substantive matter, the court of appeals found that the trial court's failure to secure an oral plea from appellant personally, did not offend Article 27.13, which provides in its entirety:

> A plea of 'guilty' or a plea of 'nolo contendere' in a felony case must be made in open court by the defendant in person; and the proceedings shall be as provided in Articles 26.13, 26.14, and 27.02. If the plea is before the judge alone, same may be made in the same manner as provided for by Articles 1.13 and 1.15.

Tex.Code Crim. Proc. Ann. art. 27.13 (Vernon 1989).

Relying on our opinion in *Shields v. State*, the appellate court concluded that "Article 27.13 is complied with, regardless of who actually speaks, so long as it occurs in open court, in the presence of the defendant, who acknowledges the plea as his."[5] Although we affirm the judgment of the appellate court, we do not hold that *Shields* may be construed so broadly.

In *Shields*, trial counsel did not ask the defendant what his plea was; instead, when the trial court asked Shields if he had been promised anything or threatened by anyone to enter the plea, he said no.[6] The trial court also asked if his plea was voluntary, and Shields replied that it was. Under those facts and circumstances, we concluded that the trial court had complied "not only with the spirit but with the letter of Article 27.13," and therefore, the convic-

---

5. *Costilla v. State,* 84 S.W.3d 361, 364 (Tex. App.-Beaumont 2002)

6. 608 S.W.2d 924, 927 (Tex.Crim.App. [Panel Op.] 1980).

tion was not invalid for failure to elicit a verbal guilty plea from Shields personally.[7]

Thus, pursuant to our holding in *Shields*, any complaint arguing deviation from Article 27.13 should be evaluated under the particular facts of that case to determine whether the trial court complied with the applicable law. Here, we conclude the appellate court did just that.

Contrary to appellant's argument, the statute does not require an oral plea.[8] Naturally, had the legislature intended that an oral plea was necessary to protect a defendant's rights, it could have so drafted Article 27.13—as it did in Article 27.16(a) (requiring a plea of "not guilty" to be entered "orally by the defendant or by his counsel in open court") and Art. 26.13(d) (allowing for admonitions during arraignment to be made in writing or orally). Furthermore, prior statutes have never required a guilty plea to be entered orally.[9]

We are loathe to read into the statute a requirement we do not find there. Particularly when the intent of the statute is satisfied, as it is here—"that the accused voluntarily desires to plead guilty."[10] Indeed, all the facts point to appellant's voluntary desire to plead guilty: appellant was present, the plea was entered in open court by appellant, albeit through his bilingual attorney. That is all the statute requires.

As we reasoned in *Shields*, however, the better practice is to inquire of the defendant personally what his plea is. 608 S.W.2d at 927. But, as *Shields* instructs and the facts bear out here, appellant had ample opportunity to make known, subsequently, and with the aid of an interpreter, his appellate complaint that his plea was involuntary due to a language barrier. With the facts as they are, including the written acknowledgments, waivers, and stipulations, we cannot say that appellant's conviction is invalid because the trial court did not secure an oral plea, and consequently, his plea was involuntary. Although we find its reasoning unnecessarily broad,[11] the appellate court did not err because the trial court complied with the law. *Shields*, 608 S.W.2d at 927.

### III. Conclusion

The judgment of the court of appeals is affirmed.

WOMACK, J., concurred in the result.

---

7. *Id.*

8. In support of this claim, appellant cites to *Mendez v. State*, which held that the trial court did not substantially comply with Art. 27.13 because Mendez made no statement that could be construed as either a personal plea or an approval of his attorney's verbal entry of the plea. 892 S.W.2d 81, 83 (Tex. App.-Texarkana 1994), *rev'd on other grounds*, 914 S.W.2d 579 (Tex.Crim.App.1996). We find *Mendez* distinguishable because there was sufficient evidence here that appellant understood his attorney had entered a guilty plea in his behalf, that appellant had signed and understood the plea documents, and that the waivers and stipulations had been explained to him in Spanish.

9. At most, prior statutes provided that such pleas *may* be made orally, which implies that the defendant had the option to enter an oral plea, but was not required to do so. *Saunders v. State*, 10 Tex. Ct.App. 336, 337–338 (Tex. Crim.App.1881).

10. *Matchett v. State*, 941 S.W.2d 922, 930 (Tex.Crim.App.1996).

11. We reject the court of appeals's reasoning that the statute is satisfied "*regardless of who actually speaks*." *Costilla v. State*, 84 S.W.3d at 364.