NUMBER 13-06-00318-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


DECASO Y. WOODS, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 27th District Court of Bell County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 Appellant, Decaso Y. Woods, waived a jury trial and pleaded guilty to aggravated
assault with a deadly weapon. See Tex. Penal Code Ann. § 22.02 (Vernon Supp. 2006). 
The trial court sentenced appellant to twenty years imprisonment. In a single point of error,
appellant contends the trial court failed to comply with article 27.13 of the code of criminal
procedure. Tex. Code Crim. Proc. Ann. art. 27.13 (Vernon 2006). We affirm. 

I. Background 

 The State indicted appellant on July 6, 2005, on charges of aggravated assault with
a deadly weapon. (1) Appellant was arraigned on July 15, 2005, where an initial plea of "not
guilty" was entered by the trial court. (2) On February 6, 2006, appellant entered an open
plea of "no contest" to the State's indictment. At the plea hearing, the trial court 
admonished appellant, accepted his plea, admitted into evidence appellant's signed judicial
confession, and found the evidence sufficient for a finding of guilt. The trial judge,
however, recessed the hearing in order to obtain a pre-sentence investigation report. 

 Sentencing occurred on March 29, 2006. At the hearing, defense counsel elicited
testimony from appellant indicating that appellant may have shot the victim in self-defense. 
The trial court then advised appellant that he had testified so as to raise the issue of self-defense. Over appellant's protestations, the trial court changed appellant's plea to "not
guilty" and recessed the hearing. 

 A second punishment hearing was held on May 10, 2006. At this hearing, the trial
court, at appellant's request, changed appellant's plea from "not guilty" to "guilty."

 Appellant's judicial confession was again admitted into evidence, and after
considering the pre-sentence investigation report and arguments from counsel, the trial
court assessed punishment at twenty years to be served in the Institutional Division of the
Texas Department of Criminal Justice. This appeal ensued. 

II. Article 27.13 Compliance

 In a single point of error, appellant argues the trial court did not comply with article
27.13 because appellant did not personally enter a guilty plea. Tex. Code Crim. Proc.
Ann. art. 27.13 (Vernon 2006). Appellant asserts that no actual plea was voiced either by
him or by counsel on appellant's behalf. 

 Article 27.13 of the Texas Code of Criminal Procedure requires a plea of guilty or
nolo contendere in a felony case to be made in open court by the defendant in person. Id. 
When the circumstances of the plea indicate the defendant knowingly and voluntarily
intended to plead guilty, substantial compliance with the statute is shown. See Costilla v.
State, 146 S.W.3d 213, 217 (Tex. Crim. App. 2004) (although "the better practice is to
inquire of the defendant personally what his plea is," the statute does not require an oral
plea); Shield v. State, 608 S.W.2d 924, 927 (Tex. Crim. App. 1980). 

 The record reflects that the following exchange occurred between the trial judge, the
defendant/appellant, and the defendant's trial counsel at the May 10, 2006 hearing: 

 [The Court]: All right. Let's go on the record. Mr. Woods, I've been
informed by your attorney that he had discussed this matter
with you in great detail, and he's going to go in there with you
with that [sic] in a minute but in effect that you wish to change
your plea to "guilty" at this time. Is that correct? 


[Defendant]: Yes, sir. 


[Counsel]: Decaso, since the last hearing I [sic] had met with you, as Mr.
Keys has, and we have been over the facts of your case, and
we've also discussed available defenses that you may have;
is that correct? 

[Defendant]: Yes, sir. 

[Counsel]: And we've gone over what the law of self-defense is in Texas
and what the requirements are to be able to avail yourself of
that law, and I've explained your right to you; is that correct? 


[Defendant]: Yes, sir. 


[Counsel]: And this decision to enter your plea of "guilty" is a free and [sic]
voluntarily decision; is that correct? 


[Defendant]: Yes, sir. 


[The Court]: All right. And you're doing that freely and voluntarily. 


[Defendant]: Yes. It is my -- Yes, sir. 


[The Court]: In other words, nobody is forcing you - 


[Defendant]: No, sir. 


[The Court]: -- threatening you to do this. Pleading "guilty" because you
are guilty. 


[Defendant]: Yes, sir. 


[The Court]: All right. And, again, Mr. Guess, you concur in your client's
plea. 


[Counsel]: Your honor, I've had many discussion with him, and I do
concur in his plea. 


[The Court]: And feel he is competent and understands the nature and
consequences of his plea. 


[Counsel]: I believe he does. 


[The Court]: All right. And do you agree with that statement, Mr. Woods? 


[Defendant]: Yes, sir. Yes, sir. 


[The Court]: All right. I will accept the plea. 


 Based on the foregoing, we conclude the trial court substantially complied with
article 27.13. The record, as detailed above, shows appellant affirmatively responding to
the trial court's query as to whether he wished to change his plea from not guilty to guilty. 
Appellant also acknowledged that he could not avail himself of the defense of self-defense,
thus indicating that he understood the consequences and effect of his plea. Furthermore,
appellant affirmed the voluntariness of his plea and, crucially, responded in the affirmative
when asked by the trial court whether he was "Pleading 'guilty' because [he was] guilty."
No evidence in the record shows that appellant was confused or did not want to plead
guilty. See Munoz v. State, 840 S.W.2d 69, 73 (Tex. App.-Corpus Christi 1992, pet. ref'd). 
 Under these circumstances, we conclude that the requirements of article 27.13 were
fulfilled. See Costilla, 146 S.W.3d at 217 (plea entered in open court in presence of
bilingual attorney on behalf of a non-English speaking defendant); Shields, 608 S.W.2d at
927 (plea occurred in presence of defendant and record contained sufficient interaction
between the trial court and indicated defendant fully understood proceedings and plea);
Manoy v. State, 7 S.W.3d 771, 778 (Tex. App.-Tyler 1999, no pet.) (appellant's affirmative
responses when asked whether it was his understanding that he was "pleading guilty" and
to other questions demonstrated compliance); Adkison v. State, 762 S.W.2d 255, 258-59
(Tex. App.-Beaumont 1988, pet. ref'd) (substantial interaction between trial court and
defendant indicated defendant fully understood proceedings and plea). Appellant's sole
issue is overruled. 

III. Conclusion 

 The judgment of the trial court is affirmed. 

 ROGELIO VALDEZ

 Chief Justice

Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 28th day of August, 2007. 
1. The indictment alleged that on or about April 10, 2005, appellant intentionally, knowingly, and
recklessly caused serious bodily injury to Harold Thomas by shooting Thomas with a firearm. 
2. At the July 15 arraignment, appellant expressed his desire to have his court appointed counsel
removed and to have new counsel appointed. The trial court advised appellant that it was going to enter a
plea of "not guilty" to the indictment and appoint a new lawyer for appellant.