NO.
12-07-00189-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

ZACHARY WAYNE GOSHEN,       §                      APPEAL FROM THE 217TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Zachary
Wayne Goshen appeals from his conviction for aggravated sexual assault of a
child.  In three issues, he argues that
his conviction must be reversed because the trial court did not properly admonish
him before it accepted his plea of guilty. 
We reverse and remand for a new trial.

 

Background

            Appellant
pleaded guilty as charged to the felony offense of aggravated sexual assault of
a child.  He elected to have a jury
assess punishment.  During voir dire, and
before Appellant’s plea, the district attorney explained to the venire that the
range of punishment for this offense was between five and ninety-nine years of
imprisonment or life imprisonment, that Appellant was entitled to the
presumption of innocence even though it was anticipated that he would plead
guilty, that the burden of proof was beyond a reasonable doubt, and that a
defendant had a right not to testify. 

            A
jury was selected, and the district attorney read the indictment.  The court asked Appellant’s counsel for
Appellant’s plea, and counsel said he pleaded guilty.  The court accepted the plea, and the trial on
punishment began.  Appellant testified
during the punishment trial that he was receiving treatment from a counselor
for issues related to this case.  He
testified that he had pleaded guilty, and he affirmed that he had “basically
been following the sex-offender registration guidelines” while on pretrial
release.  He admitted he committed the
acts alleged in the indictment, and testified that he had confessed to the
police.  The jury considered the
evidence, found Appellant guilty, and assessed punishment at fifteen years of
imprisonment and a fine of $10,000.  This
appeal followed.

 

Procedures
Related to the Acceptance of a Guilty Plea

            In
three issues, Appellant argues that the guilty plea must be set aside because
his attorney entered his plea for him, because he was not admonished of his
constitutional rights before pleading guilty, and because he was not given
statutory warnings about the possible immigration consequences of his plea or
the requirement that he register as a sex offender.  Recent court of criminal appeals precedent
compels us to reverse this conviction for the failure to admonish Appellant of
the immigration consequences of his plea. 
Therefore, we do not reach Appellant’s other complaints, and we
anticipate that the trial court will admonish Appellant as required by law
should Appellant decide to plead guilty on remand.[1] 

            Prior
to accepting a defendant’s plea of guilty, a trial court is required to
admonish him that if the defendant is not a citizen of the United States of
America, a plea of guilty or nolo contendere for the offense charged may result
in deportation, the exclusion from admission to this country, or the denial of
naturalization under federal law.  See
Tex. Code Crim. Proc. Ann. art.
26.13(a)(4) (Vernon Supp. 2007).[2] 
The trial court did not make such an admonishment in this case.  This kind of error is subject to harmless
error analysis.  See Tex. R. App. P. 44.2(b); Vannortick
v. State, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007).  In our harmless error analysis, the question
is whether we have a fair assurance that the defendant’s decision to plead
guilty would not have changed had the court admonished him.  Id. at 709; Carranza v.
State, 980 S.W.2d 653 (Tex. Crim. App. 1998).    Whether
Appellant’s plea has any impact on his right to be in the United States is, it
seems to us, a fairly straightforward question to which he knows the answer,
and we do not.[3]  The State
concedes that the record is silent with respect to whether Appellant is a
citizen.[4]  According to recent precedent from the court
of criminal appeals, where the record is silent on the issue of citizenship, or
the record is insufficient to determine citizenship, harm is established if the
statutory admonishments are not given and the case must be reversed.  Vannotrick, 227 S.W.3d at
714.  

            The
State concedes that Vannotrick is contrary to its position, but
argues that we can conclude Appellant would have pleaded guilty even if the
trial court had properly admonished him because the record is so compelling as
to his guilt.  The State further argues
that “[i]n viewing the testimony of the defendant in asking for probation,
[this court] can conclude beyond a reasonable doubt that this defendant in this
case would have [pleaded] guilty even if he was not a citizen and even if he
had been admonished properly concerning deportation.”  The two arguments conflict.  A desire for community supervision is
consistent with an expectation that the person will remain in the country.  But that expectation is probative on the
issue of whether the person will be able to remain in the country only if the
person understands the potential immigration consequences of the plea.  Where, as here, no admonishment is given, it
is impossible to know if the expectation to remain is because the person is a
citizen or because the person is mistaken about the immigration consequences of
the plea.

            The
State’s argument that guilt can be so overwhelming that a conclusion could be
drawn that a defendant would have pleaded guilty even if properly admonished is
not unreasonable.  Indeed, defendants do
plead guilty even though they know they will be deported at the end of their
sentence, and evidence of guilt can be considered when it comes to the failure
to admonish about sex offender registration. 
See Anderson v. State, 182 S.W.3d 914, 920-921 (Tex. Crim.
App. 2006).  However, in Vannotrick,
the unanimous court foreclosed this avenue for the failure to admonish about
immigration consequences when it held that “[r]egardless of the strength of the
evidence of guilt, we have no fair assurance that the appellant would not have
changed his guilty plea had he been properly admonished.”  Id. at 713.[5]  And even if the evidence could be so
overwhelming that we could conclude that a defendant would have pleaded guilty
even if properly admonished, the evidence in this case is no more compelling
than it was in Vannotrick. 
In each case the defendant pleaded guilty, the defendant had made a
confession, and the complaining witness testified.  Id. at 713.  The court was not persuaded in Vannotrick
that such evidence was sufficient to conclude that the defendant would have
pleaded guilty even if properly admonished, and we are bound by that conclusion
in this case. 

            The
record is silent as to whether Appellant is a citizen.  Because the trial court did not inform
Appellant of the immigration consequences of his plea, we are obliged by Vannotrick
to conclude that the trial court’s failure to admonish Appellant is harmful
error and to reverse the conviction and remand for a new trial. 

 

Disposition

            Having
sustained part of Appellant’s third issue, we reverse and remand
for a new trial.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

Opinion
delivered March 31, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(DO NOT PUBLISH)











[1]
We note that it is permissible, though not preferable, for a defendant’s lawyer
to enter his plea for him in certain circumstances.  See Costilla v. State,
146 S.W.3d 213, 217 (Tex. Crim. App. 2004). 





[2]
The State argues that the third issue is multifarious because it “combin[es]
more than one contention in a single point of error or argument . . .”  We disagree. 
Appellant complains in issue three that the trial court did not give two
of the admonishments required by article 26.13. 
His argument addresses the violation of a single statute, and we are
able to separate his claims regarding the failure to admonish regarding
immigration consequences and the failure to admonish regarding sex offender
registration.





[3]
If Appellant is a citizen and is taking advantage of the trial court’s failure
to admonish him, he runs some risk that the assessed sentence will be longer on
retrial.  See Alabama v.
Smith, 490 U.S. 794, 798-800, 109 S. Ct. 2201, 2204-05, 104 L. Ed. 2d
865 (1989); Texas v. McCullough, 475 U.S. 134, 139-40, 106 S. Ct.
976, 979-80, 89 L. Ed. 2d 104 (1986).                        





[4]
There is circumstantial evidence that Appellant is a citizen.  He has worked for large corporations for many
years, and he held a driver’s license. 
We conclude, as the State likely did, that this is the same kind of
circumstantial evidence that the court found to be unavailing in Vannotrick.  See Vannotrick, 227 S.W.3d at
713 (Evidence that defendant had been to prison would support an inference that
he would have been deported if he were not a citizen, but it was not the only
conclusion to be drawn.).





[5] Applying Vannotrick in an
unpublished opinion, the court of criminal appeals held that when the trial
court failed to admonish the appellant properly and the record contained no
other references to any of the immigration consequences of conviction, it could
not infer that the appellant knew about the consequences of his guilty plea,
and need not “discuss the evidence against the appellant.”  Reed v. State, PD-0590-06,
PD-0591-06, 2007 Tex. Crim. App. Unpub. LEXIS 399, at *10 (Tex. Crim. App. Oct.
10, 2007) (mem. op., not designated for publication).