Affirmed and Memorandum Opinion
filed December 21, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00955-CR



Floyd Frazier, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 177th District Court

Harris County, Texas

Trial Court
Cause No. 1215000



 

MEMORANDUM OPINION 

Floyd Frazier appeals his conviction for sexual
assault of a child.  In two issues, appellant contends that (1) the trial court
erred in conducting a punishment hearing without appellant entering a plea of
guilty in violation of his due process rights and Texas Code of Criminal
Procedure article 27.13; and (2) his plea was involuntary because the trial
court improperly admonished him.  We affirm.

I.                  
Factual and Procedural Background

Appellant was charged by indictment with sexual
assault of a child.  The indictment also contained two enhancement paragraphs
for prior convictions.  Appellant initially pleaded not guilty.  A jury was selected
and then dismissed after the trial court granted a motion for mistrial.  

Two days later, on November 4, 2009, the trial court
held a hearing.  Appellant stated at the outset of the hearing that he was weighing
his options whether to proceed before another jury or before the court.  After
a discussion with the trial court about the range of punishment, the State’s
evidence, and appellant’s defense, the following exchange took place:

The Defendant:  I’ll proceed, Your Honor.

The Court:  That’s what you want to do?

The Defendant:  Yes, sir.

The Court:  Come to me on punishment?  Okay.

***

Appellant’s Trial Counsel:  Okay.  When I left [jail
the previous night], it was my understanding that you wanted to plead guilty to
the Judge and we would have a punishment hearing with live testimony and then
you could even take the stand if you wanted to take the stand and testify in
your own behalf; is that correct?

The Defendant:  Correct.    

Appellant’s Trial Counsel:  All right.  Now, is it
your choice today to go ahead and plead guilty to the Judge and have a live
testimony punishment hearing in front of Judge Fine?

The Defendant:  Yes, it is.

The State offered into evidence a “Waiver of
Constitutional Rights, Agreement to Stipulate, and Judicial Confession” signed
by appellant.  Appellant stated that he understood by signing the document he
was giving up rights and that the State need not bring any further evidence of
guilt.  The trial court inquired whether appellant signed the admonishment
documents freely and voluntarily and whether appellant understood exactly what
he was signing before he signed it; appellant responded affirmatively.  The
trial court announced that it was accepting appellant’s plea of guilty.  The
trial court then heard the testimony of several witnesses over the course of
two days, including the complainant and appellant, and assessed punishment at
33 years’ confinement.

II.              
Analysis

A.    Guilty
Plea

For the first time on appeal, appellant contends that
the trial court erred by conducting a punishment hearing without appellant’s
entering a plea of guilty in violation of appellant’s due process rights and
Texas Code of Criminal Procedure article 27.13.[1] 
Assuming our ability to review this issue despite appellant’s failure to raise
the complaint in the trial court,[2]
we hold that his contention lacks merit. 

Article 27.13 of the Texas Code of Criminal Procedure
provides that “[a] plea of ‘guilty’ . . . in a felony case must be made in open
court by the defendant in person; and the proceedings shall be as provided in
Articles 26.13, 26.14, and 27.02.  If the plea is before the judge alone, same
may be made in the same manner as is provided for by Articles 1.13 and 1.15.” 
Tex. Code Crim. Proc. Ann. art. 27.13 (West 2006).  The intent of article 27.13
is “to establish that the accused voluntarily desires to plead guilty.”  Matchett
v. State, 941 S.W.2d 922, 930 (Tex. Crim. App. 1996).  The statute does not
require an oral plea.  Costilla v. State, 146 S.W.3d 213, 217 (Tex. Crim.
App. 2004).  We evaluate the particular facts of this case to determine whether
the trial court complied with the law.  Id. at 217.  Where the facts
point to appellant’s voluntary desire to plead guilty, the trial court has
complied with the statute.  Id.

Here, the record establishes appellant’s voluntary
desire to plead guilty.  While the better practice is for the trial court to
inquire of the defendant personally what his plea is, appellant agreed with his
trial counsel that it was his choice, on that day, before the judge, to “go
ahead and plead guilty.”  See id.  In addition, appellant signed
the “Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial
Confession” in which he acknowledged that the allegations in the indictment
were true and that he intended to enter a plea of guilty.  His attorney signed
the document stating that he believed appellant knowingly and voluntarily
executed the document after his attorney had fully discussed its contents and
its consequences.  The trial court also signed the document stating that
appellant had entered a plea of guilty, that appellant appeared to be mentally
competent, and that his plea appeared to be free and voluntary.   See id.
(considering written acknowledgments, waivers, and stipulations along with other
facts pointing to defendant’s voluntary desire to plead guilty).  Appellant
stated in court that he understood the charge and the effect the enhancement
paragraphs had on the charge.  He also stated that he understood that by
signing the “Waiver of Constitutional Rights, Agreement to Stipulate, and
Judicial Confession,” the State need not bring any further evidence of his
guilt and that his signature and his plea of guilty were sufficient for the
trial court to find him guilty.  

Because the record establishes appellant’s voluntary
desire to plead guilty, we overrule appellant’s first issue.

B.     Effect
of Statements Made by Trial Court

In his second issue, appellant contends that his plea
was induced by misinformation from the trial court.  Specifically, appellant
argues that the trial court made inaccurate statements about the punishment
range, the State’s evidence, and the viability of appellant’s defense.   

Texas Code of Criminal
Procedure article 26.13 requires that, prior to accepting a guilty plea, the
trial court must admonish the defendant.  Tex. Code Crim. Proc. Ann. art.
26.13(a)(1) (West Supp. 2010).  A guilty plea must be made freely and
voluntarily.  Id. art. 26.13(b).  Admonishments may be given orally or
in writing.  Id. art. 26.13(d).  Substantial compliance with the statute
is sufficient unless a defendant affirmatively shows that he was not aware of
the consequences of the plea and was also misled or harmed by the admonishment.
 Id. art. 26.13(c).

Appellant initialed and
signed written admonishments.  The trial court orally inquired of appellant
whether he signed and initialed the admonishments freely and voluntarily and
whether he understood what he was signing before he did so.  Appellant does not
argue that the written admonishments were inaccurate or misleading.  Rather,
appellant contends that the trial court provided him with misinformation,
thereby inducing his guilty plea during the following discussion in open court:

The Court:  I want you to understand what’s on the
table.

The Defendant:  Uh-huh.

The Court:  All right?

The Defendant:  Yes, sir.

The Court:  You’re charged at 25 to life.

The Defendant:  Yes, sir.

The Court:  The minimum you can receive is 25 years.

The Defendant:  Yes, sir.

***

The Court:  If the State tries a clean case —
they’ve got DNA evidence, assuming they can — it’s admissible —

The Defendant:  Uh-huh.

The Court: — assuming they can get in evidence,
they’ll have your DNA evidence, the mother’s DNA evidence, the child’s DNA
evidence showing it’s your child.  That leaves no question but that statutory
rape occurred or there was some sex going on.

***

The Court:  I don’t know — I understand your defense
is — what are — it’s what Mr. Gonzalez said during opening statement.

The Defendant:  Yes, sir.

The Court:  That may work.  A jury may say, “Okay. 
There’s a reasonable doubt as to whether or not you acted intentionally or
knowingly or recklessly in the commission of the offense.”  There’s that
possibility.  You could go home.  All right?

The Defendant:  Yes.

The Court:  Then there’s the other possibility that
they find you guilty.  If they find you guilty, minimum 25 years.  They cannot
give you probation.  And they’re going to give you somewhere between 25 and 99.[3]

First, appellant contends that
the trial court’s statement about punishment was inaccurate because the punishment
range of 25 years to 99 years or life would be correct only if appellant was
found guilty of the charged offense and if both enhancement paragraphs were
found true.  Appellant was charged with sexual assault of a child, and the
indictment contained two enhancement allegations.  Based on the allegations in
the indictment, the range of punishment was from 25 years to 99 years or life. 
Tex. Penal Code Ann. §§ 12.42(d), 22.011(f) (West Supp. 2009).[4]  The trial
court’s statement corresponded with the allegations in the indictment and was
not incorrect given the enhancement paragraphs.  See Teamer v. State,
557 S.W.2d 110, 112 (Tex. Crim. App. 1977) (holding substantial compliance with
article 26.13 when court correctly stated range of punishment with the
enhancement paragraph).  In addition, appellant initialed next to the same punishment
statement for a habitual offender on the written admonishment and does not
claim that the written admonishment was inaccurate or misleading.[5]  

Appellant does not cite a
particular admonishment in article 26.13 relating to the trial court’s second
and third statements notwithstanding his contention that these statements
induced his guilty plea.  Appellant argues that the trial court’s statement
about the State’s evidence was inaccurate because it assumed the complainant’s
age, the accuracy of the DNA evidence, and that the only means by which the
complainant could have become pregnant was through sexual intercourse.  He also
claims that the trial court misstated the requisite mens rea for the charged
offense in that appellant could not have been found guilty if he had committed
the act recklessly.  

The indictment alleged that
appellant intentionally and knowingly caused the penetration of the sexual
organ of the complainant, a person younger than 17 years of age and not
appellant’s spouse, by placing his sexual organ in the complainant’s sexual
organ.  The trial court stated that “if” the State tried a clean case and DNA
evidence was admitted showing appellant was the father of the complainant’s
child, that evidence would leave no question that appellant had sexual contact
with the complainant.  The trial court also noted the possibility that the jury
would find reasonable doubt based on appellant’s defense. 

Appellant signed the
“Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial
Confession” that included the charge.  Therefore, appellant was aware of the
State’s burden of proof before the trial court accepted appellant’s guilty
plea.  Appellant never stated that he did not understand the charge.  In fact,
he stated the opposite.  Appellant has not affirmatively shown that he was
unaware of the consequences of his plea and that the trial court’s oral statements
cited above harmed or misled him.  Tex. Code Crim. Proc. Ann. art. 26.13(c).  Accordingly, we
overrule appellant’s second issue.

III.           
Conclusion

Having overruled appellant’s issues, we affirm the
trial court’s judgment.

 








                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges,
Justice Yates and Senior Justice Mirabal.[6]

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
While appellant notes that he did not enter a plea of “true” in court to the
enhancement paragraphs, appellant does not assign error thereto.  During the
punishment phase, appellant admitted to the two convictions alleged in the
enhancement paragraphs of the indictment.





[2]
The Beaumont Court of Appeals held in Costilla v. State that this error
can be raised for the first time on appeal; the Court of Criminal Appeals
declined to address whether the complaint was procedurally barred.  See
Costilla v. State, 146 S.W.3d 213, 216 (Tex. Crim. App. 2004).





[3]
Appellant also cites other statements made by the trial court about the
likelihood that the jury would “cut [the punishment range] down the middle,”
the fact that “things don’t look bright,” and the trial court’s ability to
consider deferred adjudication.  However, appellant does not articulate how, if
at all, these statements were inaccurate, misleading, or harmful.    





[4]
Subsection 12.42(c)(2) lists exceptions to the punishment range stated in
Subsection 12.42(d).  Tex. Penal Code Ann. § 12.42(c)(2).  Neither party
contends that these exceptions apply in this case. 





[5]
“[I]f it is shown on the trial of a felony offense that the defendant has
previously been finally convicted of two felony offenses, and the second
previous felony conviction is for an offense that occurred subsequent to the
first previous conviction having become final, on conviction he shall be
punished by imprisonment in the institutional division of the Texas Department
of Criminal Justice for life, or for any term of not more than 99 years or less
than 25 years[.]”





[6]
Senior Justice Margaret Garner Mirabal sitting by assignment.