Affirmed and Memorandum Opinion filed June 28, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00893-CR

NO. 14-10-00894-CR

NO. 14-10-00895-CR



 

FRED CARROLL HOUSTON, Appellant

V.

THE STATE OF TEXAS, Appellee

 



On Appeal from the 23rd District
Court 

Brazoria County, Texas

Trial Court Cause Nos. 61,607,
61,608 & 61,609



 

MEMORANDUM OPINION

Appellant,
Fred Carroll Houston, contends his convictions in the three underlying cause numbers
are void because he did not enter “guilty” pleas.  We affirm. 

I.   Background

            In cause
number 58,844, appellant was charged with committing burglary.  Appellant
pleaded guilty to this charge pursuant to a plea bargain and was sentenced to
two years’ confinement, probated for four years.  During the term of his
probation, appellant was charged with committing burglary on November 14, 2009
(cause number 61,609), January 21, 2010 (cause number 61,607), and January 30,
2010 (cause number 61,608).

In May
2010, the trial court conducted a hearing on cause numbers 61,607, 61,608 and
61,609 and on the State’s petition for revocation of probation in cause number
58,844.  During the hearing, the court asked appellant, “To the allegations and
charges contained in Cause Nos. 61607, 61608 and 61609, how do you plead?”  Appellant
responded, “True.”  The court then asked appellant whether he pleaded “true or
not true” to the allegations in the State’s petition for revocation of
probation.  Appellant replied “true” to each allegation.  Thereafter, the
following exchange occurred:     

THE COURT:
Is there a plea bargain agreement in either one of these cases?

. . . 

[The
Prosecutor]:  No, there is not.

THE COURT:
Is that your understanding?

[Appellant]:
Yes, sir.

THE COURT:
Does that mean to you that I’m going to assess your punishment if I find you
guilty?

[Appellant]:
Yes, sir.

THE COURT:
And you understand it’s pretty difficult not to find you guilty since
you pled guilty and pled true to the violations of the probation?

[Appellant]:
Yes, sir.

THE COURT:
Fully understanding that I will be the one to assess punishment after a PSI
investigation is conducted, do you still plead guilty?  

[Appellant]:
Yes, sir.

THE COURT:
And your pleas are true?

[Appellant]:
Yes, sir.

(emphasis added).  The
court found appellant guilty of the crimes alleged in cause numbers 61,607,
61,608, 61,609 and that he violated probation in cause number 58,844.  In “Defendant’s
Affidavit of Admonitions, Waivers, Judicial Confession, Statements, Plea,
Probation and Appeal – Felony Less than Capital,” admitted at the hearing,
appellant (1) judicially confessed and stipulated to the facts in the
indictments and (2) stated he pleaded guilty to the charges in cause numbers
61,607, 61,608, 61,609.

II.   Guilty Plea

            In his sole
issue, appellant contends his convictions in cause numbers 61,607, 61,608, and
61,609 are void because he did not enter a “guilty” plea but stated “true” when
asked for his plea.  Appellant argues that a “true” plea does not satisfy the
requirements of article 27.13 of the Texas Code of Criminal Procedure and that
such non-compliance violated his right to due process.  Tex. Code Crim. Proc.
Ann. art. 27.13 (West 2006).  Assuming we may review this issue despite
appellant’s failure to raise it in the trial court,[1]
we conclude the trial court substantially complied with article 27.13.

            Article 27.13
provides that “[a] plea of ‘guilty’ . . . in a felony case must be made in open
court by the defendant in person; and the proceedings shall be as provided in
Articles 26.13, 26.14, and 27.02.  If the plea is before the judge alone, same
may be made in the same manner as is provided for by Articles 1.13 and 1.15.”  Id.
 The intent of article 27.13 is “to establish that the accused voluntarily
desires to plead guilty.” Matchett v. State, 941 S.W.2d 922, 930 (Tex. Crim.
App. 1996).  The statute does not require an oral plea.  Costilla v. State,
146 S.W.3d 213, 217 (Tex. Crim. App. 2004).  We evaluate the particular facts
of a case to determine whether the trial court complied with the law.  Id.
 When the facts point to a defendant’s voluntary desire to plead guilty, the
trial court has complied with the statute.  Id.

            The facts described
above demonstrate the following: (1) appellant clearly pleaded “true” to the
charges in cause numbers 61,607, 61,608, and 61,609; (2) the trial court twice
expressed that appellant was pleading guilty, and both times appellant replied
“Yes, sir”; (3) appellant swore in an affidavit that the allegations were true
and he was pleading guilty; and (4) the affidavit contained admonishments
regarding the effects of appellant’s guilty plea.[2] 
Based on these particular facts, we conclude appellant knowingly and voluntarily
pleaded guilty, and the trial court substantially complied with article 27.13. 
See Costilla v. State, 146 S.W.3d 213, 217 (Tex. Crim.
App. 2004); see also Shields v. State, 608 S.W.2d 924,
927 (Tex. Crim. App. [Panel Op.] 1980); Manoy v. State, 7
S.W.3d 771, 778 (Tex. App.—Tyler 1999, no pet.); Adkison v. State, 762
S.W.2d 255, 259 (Tex. App.—Beaumont 1988, pet. ref’d).  Because of this
substantial compliance, we hold the trial court did not violate appellant’s
right to due process.  Appellant’s sole issue is overruled.

            We affirm the
trial court’s judgment.

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

Panel
consists of Chief Justice Hedges, and Justices Seymore, and Boyce.

 

Do
Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
The Court of Criminal Appeals has declined to address whether this issue may be
raised for the first time on appeal.  See Costilla v. State, 146 S.W.3d
213, 216 (Tex. Crim. App. 2004).





[2]
We acknowledge appellant’s reliance on White v. State, in which the
Tyler Court of Appeals, after acknowledging the defendant did not enter a plea
relative to a specific charge, held his written stipulation to the allegations
was not sufficient to comply with article 27.13.  932 S.W.2d 593, 596–97 (Tex.
App.—Tyler 1995, pet. ref’d).  However, this case differs because appellant
actually pleaded “true” to the allegations in the pertinent cause numbers and twice
agreed with the trial court that he was pleading guilty.  We consider the
stipulations and plea in appellant’s affidavit solely as additional evidence
that he intended to plead guilty.