

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00261-CR

**ROBERT KNOTEN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 31,729-CR

## MEMORANDUM OPINION

Robert Knoten appeals from a judgment revoking his deferred adjudication community supervision and adjudicating his guilt, after which he was sentenced to twenty-five years in prison as a habitual offender. *See* TEX. CODE CRIM. PROC. art. 42.12, §§ 5(b), 21 (West Supp. 2011). Knoten complains that the trial court erred by adjudicating his guilt and revoking his community supervision because the original judgment placing him on deferred adjudication community supervision is void because there was no evidence of his guilt during his original guilty plea. We affirm the

judgment of the trial court.

Generally, a defendant who receives deferred adjudication community supervision may not appeal errors in the original proceeding in a later proceeding when adjudicated. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). However, there are two exceptions to that general rule, when a judgment is void or can be attacked by habeas corpus. *Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). The void judgment exception recognizes that there are some rare situations in which a trial court's judgment should be accorded no respect because of a complete lack of power to render the judgment in question. *Id.* A void judgment is a "nullity" and thus can be attacked at any time. *Id.* It logically follows that if the original judgment imposing community supervision was void, then the trial court would have no authority to revoke that community supervision, since there is nothing to revoke with no judgment imposing probation (because it is a nullity). *Id.*

A judgment of conviction for a crime is void when:

(1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant,
(2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law,
(3) the record reflects that there is no evidence to support the conviction, or
(4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived.

*Nix*, 65 S.W.3d at 668. Knoten contends that the original sentence imposed placing him on deferred adjudication community supervision was void because there was no evidence to support the judgment because he did not properly enter a guilty plea.

During the hearing on the original plea, the trial court explained the terms of the plea bargain to Knoten and asked him if he understood those terms to be the plea bargain, which Knoten answered affirmatively. The trial court then asked Knoten, "Understanding what the plea agreement is and what will happen in the case if you plead guilty, do you do so freely and voluntarily?" Knoten also answered this question affirmatively. Knoten contends that this exchange constitutes no evidence of a guilty plea. We disagree.

Article 27.13 of the Code of Criminal Procedure requires that a plea of guilty or *nolo contendere* in a felony case to be made in open court by the defendant in person. *See* TEX. CODE CRIM. PROC. ANN. art. 27.13 (West 2005). We evaluate a complaint alleging a deviation from article 27.13 under the particular facts of that case to determine whether the trial court complied with the intent of the statute, which is to ensure that the defendant voluntarily desires to plead guilty. *Costilla v. State*, 146 S.W.3d 213, 217 (Tex. Crim. App. 2004). Article 27.13 does not require an oral plea by the defendant although the better practice is "to inquire of the defendant personally what his plea is." *Id. See also Shields v. State*, 608 S.W.2d 924, 927 (Tex. Crim. App. [Panel Op.] 1980) (concluding that failure to elicit a verbal guilty plea from the defendant did not invalidate his

conviction where the trial court complied with the spirit and letter of article 27.13). Substantial compliance is shown when the circumstances of the plea indicate that the defendant knowingly and voluntarily intended to plead guilty. *Costilla*, 146 S.W.3d at 217.

In addition to the dialogue discussed above, prior to the plea Knoten signed a document containing required admonishments which also included a section containing waivers and stipulations which indicated that Knoten was pleading guilty to the offense, waived his rights, and then included a judicial confession. This document was signed by Knoten, his trial counsel, and the State as well as by the trial court. Knoten argues that this document does not constitute evidence of his guilty plea because it was not offered into evidence and the trial court did not express that it took judicial notice of it.

Where the trial court and the parties, without objection, treat certain proof as if it had been admitted in evidence, it is not error for the trial court to consider the same in reaching its verdict. *See Ex parte Reagan*, 549 S.W.2d 204, 205 (Tex. Crim. App. 1977) (affirming where court and parties treated governor's warrant in habeas corpus hearing as if admitted into evidence); *Killion v. State*, 503 S.W.2d 765, 765-66 (Tex. Crim. App. 1973) (reviewing court permitted to consider defendant's stipulations to charged offenses where considered by trial court in adjudicating guilt for theft and burglary, although written stipulations not formally admitted into evidence); *Richardson v. State*,

475 S.W.2d 932, 932-33 (Tex. Crim. App. 1972) (finding that record showed court admitted exhibits to support adjudication of guilt for burglary even though court did not specifically state that exhibits were admitted into evidence). The reporter's record from the original plea indicates that the trial court considered the document containing the admonishments, waivers, and the judicial confession. Knoten orally agreed that he understood all of his rights contained in the documents he had signed. The recitation of those rights was only contained in that document. Upon questioning by his trial counsel during the plea, Knoten affirmed that he did not want to have a jury trial, had a plea bargain with the State he wanted to accept, and understood the consequences of a revocation. Further, when rendering judgment, the trial court stated that the finding of guilt was based on the judicial admission and his plea of guilt.

We find that Knoten's response to the trial court's questions, taken with the judicial confession and written plea of guilt are sufficient to establish substantial compliance with article 27.13 and constitute evidence to support the conviction. Therefore, the original judgment placing Knoten on deferred adjudication community supervision is not void. We overrule Knoten's sole issue.

*Conclusion*

Having found that the judgment placing Knoten on deferred adjudication community supervision is not void, we affirm the judgment of the trial court adjudicating his guilt and revoking his community supervision.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed February 22, 2012
Do not publish
[CRPM]