

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00093-CR

_____

ALVIN LANCE WESTBROOK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 49614-A

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

When the trial court accepted the guilty plea of Alvin Lance Westbrook to the charge of driving while intoxicated (DWI) third offense,[1] the parties signed and submitted the normal plea paperwork, the parties stipulated to the State's evidence, and Westbrook answered, "Yes, your Honor" to questions about his guilt and the truth of his prior offenses. Westbrook contends the trial court erred in accepting his plea without requiring him to explicitly say to the court that he pled guilty to the indictment. Westbrook also argues that there was insufficient evidence proving his two prior DWI convictions. Because (1) an oral plea of guilt is not required and (2) a stipulation to sufficient evidence provides enough evidence without admitting more, we affirm the trial court's judgement and sentence.

*(1)    An Oral Plea of Guilt Is Not Required*

According to Westbrook, he did not orally and explicitly tell the trial court that he was guilty of the alleged offense. Therefore, argues Westbrook, the trial court did not comply with Articles 1.15 and 27.13 of the Texas Code of Criminal Procedure.[2] *See* TEX. CODE CRIM. PROC. ANN. arts. 1.15, 27.13. We find no requirement in the Texas Code of Criminal Procedure for an

---

[1]*See* TEX. PENAL CODE ANN. §§ 49.04, 49.09 (Supp.).

[2]Westbrook also contends that he made no oral plea to the State's enhancement allegation. That is not correct. The trial court told Westbrook that the State had filed a motion to seek an enhanced punishment range alleging Westbrook had been finally convicted of the offense of aggravated sexual assault of a child in November 2000 in a Harris County case. The trial court asked Westbrook, "[I]s that true?" and Westbrook answered, "Yes, Your Honor." Moreover, Article 27.13 of the Texas Code of Criminal Procedure does not apply to pleas of true to enhancement allegations. *Tindel v. State*, 830 S.W.2d 135, 136 (Tex. Crim App. 1992). The two prior DWI convictions were elements of the offense and jurisdictionally required. *See Martin v. State*, 200 S.W.3d 635, 640 (Tex. Crim App. 2006).

audible, spoken plea of guilty by the defendant himself. The record of Westbrook's plea hearing establishes a sufficient plea of guilty to the indictment's allegations.

Article 27.13 of the Texas Code of Criminal Procedure requires a defendant pleading guilty to a felony to do so "in open court by the defendant in person." TEX. CODE CRIM. PROC. ANN. art. 27.13. However, nothing in the statute requires the defendant to orally tell the trial court that he or she is pleading guilty. "[T]he statute does not require an oral plea." *Costilla v. State*, 146 S.W.3d 213, 217 (Tex. Crim App. 2004). Costilla appeared before the trial court with his bi-lingual attorney, who had told the court that Costilla would be pleading guilty and that punishment would be tried to the court. *Id.* at 214. When the trial court asked how Costilla pled to the indictment, his attorney answered, "Guilty, your Honor." *Id.* The Texas Court of Criminal Appeals found nothing wrong with this procedure, "[p]articularly when the intent of the statute [was] satisfied, as it [was there]—'that the accused voluntarily desire[d] to plead guilty.'" *Id.* (quoting *Matchett v. State*, 941 S.W.2d 922, 930 (Tex. Crim. App. 1996)).

Westbrook appeared with counsel to enter an open plea of guilty to the indictment.[3] After Westbrook's case was called, the trial court stated that Westbrook was present with his attorney, had Westbrook identify himself, including his date of birth, and secured an affirmative answer to the question of whether Westbrook could read and write in English. Westbrook told the trial court that he was an American citizen and that he had gone over the plea documents with

---

[3]The indictment alleged that, on or about April 25, 2019, Westbrook operated a motor vehicle in a public place while he was intoxicated and that he had previously been convicted of DWI in 2016 in the County Court at Law No. 1 of Gregg County and in 2011 in the Harris County Criminal Court No. 14. The State also filed a notice of intent to sentence Westbrook as an habitual offender, alleging a 2000 Harris County conviction for aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. §§ 12.42, 22.021. The trial court sentenced Westbrook to seven years' confinement.

his attorney. Westbrook told the trial court that he had signed those plea documents and that, if he had had questions, his attorney answered them. The trial court verified that Westbrook knew of the possibility that a video or blood- or breath-test result could be introduced as evidence.

The trial court continued, "It says on April 25th, 2019, you did then and there operate a motor vehicle in a public place while you were intoxicated; are you pleading guilty to that?" Westbrook answered, "Yes, Your Honor." The trial court read the allegations that Westbrook had previously been convicted of two other DWIs (expressly recounting the county and court, cause number, and date of those two prior convictions) and asked if those allegations were "also true." Westbrook answered as to each, "Yes, Your Honor." Finally, the trial court read the details of a November 2000 Harris County conviction for aggravated sexual assault of a child and asked Westbrook if that was true. Again, Westbrook answered, "Yes, Your Honor." Next, the trial court said, "So as I understand this, Mr. Westbrook, the range of punishment in this case is two to twenty years; is that your understanding?" Again, Westbrook replied, "Yes, Your Honor." The trial court then said,

> Mr. Westbrook, I also understand that because it's an open plea, it looks like to me the State's going to recommend some prison time, you and your attorney are going to recommend probation. And you understand I think because it's an open plea, I'm not bound by your -- you and your attorney's recommendation or the State's recommendation; is that what you understand?

Once more Westbrook told the trial court, "Yes, Your Honor."

4

The trial court explained the range of punishment—not less than two, or more than twenty years' confinement, or a suspended sentence[4]—and confirmed with Westbrook's counsel that he found Westbrook competent. The trial court then announced,

> Mr. Westbrook, I'm going to find your plea of guilty, your three pleas of true, making this driving while intoxicated 3rd or more, the range of punishment will be 2 to 20 years, I'm going to find you are competent and ask the State to come forward with their evidence.

While the trial court's statement may not have been ideally expressed, its meaning is clear—the trial court found Westbrook competent and accepted his pleas of guilty and true. We agree with Westbrook's claim in his brief that "the better practice is to inquire of the defendant personally what his plea is." *See Costilla*, 146 S.W.3d at 217. However, as the *Costilla* court pointed out, there is no statutory requirement of an oral plea from the defendant. *Id.* Following the Texas Court of Criminal Appeals' lead, we will not read into Article 27.13 a requirement not there stated. *See id.*

The record here clearly establishes that Westbrook voluntarily pled guilty to the indictment, including the prior, jurisdictional, DWI convictions. Because there is no error, we overrule this point of error.

---

[4]The trial court also could have assessed a fine up to $10,000.00. *See* TEX. PENAL CODE ANN. §§ 12.33, 12.42. However, the court assessed no fine, and Westbrook does not complain of this on appeal.

*(2)      A Stipulation to Sufficient Evidence Provides Enough Evidence Without Admitting More*

Westbrook also claims that the record contains nothing to support his pleas of true to the prior DWI convictions. Those convictions were elements of the offense of DWI, third or more. Thus, reasons Westbrook, the evidence was insufficient to support his conviction.

Westbrook executed a stipulation of evidence, and it and the stipulated evidence were admitted. Westbrook stipulated to operating, while intoxicated, a motor vehicle in Gregg County on or about April 25, 2019, as well as (1) having been convicted of DWI on August 18, 2016, in cause number 2016-1165 in the County Court at Law No. 1 of Gregg County and (2) having been convicted of DWI on July 13, 2011, in cause number 173508901010 in the Harris County Criminal Court No. 14.

"A defendant in a criminal case may stipulate to evidence against him. If the defendant elects to do this, his stipulation is a kind of judicial admission." *Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005). This judicial admission "removed the need for proof of th[]e convictions"[5] to which he stipulated: the two prior DWI convictions that were required for the State to charge Westbrook with felony DWI. With his stipulation, Westbrook "waived 'his right to put the government to its proof of that element.'" *Id.* at 402 (quoting *Harrison v. United States*, 204 F.3d 236, 240 (D.C. Cir. 2000)). Since Westbrook has waived that right, he cannot "complain on appeal that the State failed to prove 'an element to which he confessed.'" *Id.* (quoting *United States v. Branch*, 46 F.3d 440, 442 (5th Cir. 1995)).

---

[5]*Bryant*, 187 S.W.3d at 402.

We overrule this point of error. We affirm the trial court's judgment and sentence.


Josh R. Morriss, III
Chief Justice

Date Submitted:     March 23, 2021
Date Decided:       April 21, 2021

Do Not Publish