990-15

ORIGINAL

CAUSE NUMBER PD-0990-15

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

MICHAEL FITZGERALD REESE,
                              PETITIONER

VS.

THE STATE OF TEXAS,
                    RESPONDENT

SEEKING REVIEW OF THE THIRTEENTH COURT OF APPEALS' JUDGMENT
AND OPINION IN COURT OF APPEALS CAUSE NUMBER 13-13-00616-CR

PETITION FOR DISCRETIONARY REVIEW

MICHAEL FITZGERALD REESE
NO. 1883306
1391 FM 3328- BETO UNIT
TENN COLONY TEXAS 75880

PRO SE

FILED IN
COURT OF CRIMINAL APPEALS

OCT 16 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 15 2015

Abel Acosta, Clerk

## IDENTITY OF PARTIES AND COUNSEL

MICHAEL FITZGERALD REESE    DEFENDANT

THE STATE OF TEXAS          PROSECUTION

HON. JOHN GAUNTT            TRIAL JUDGE
27TH DISTRICT COURT
P.O. BOX 747
BELTON, TEXAS 76513

HON. EDWARD VALLEJO         PROSECUTOR
HON. STEPHANIE NEWELL
BELL COUNTY DISTRICT ATTORNEY'S OFFICE
P.O. BOX 540
BELTON, TEXAS 76513

HON. MICHAEL F. WHITE       DEFENSE COUNSEL
100 KASBERG DRIVE, SUITE A
TEMPLE, TEXAS 76502

JOHN A. KUCHERA            APPELLATE COUNSEL
210 N. 6TH STREET
WACO, TEXAS 76701

HON. BOB D. ODOM STATE OF TEXAS

BELL COUNTY DISTRICT ATTORNEY'S OFFICE
APPELLATE SECTION
ADDRESS ABOVE

TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL                                          i
TABLE OF CONTENTS                                                       ii
INDEX OF AUTHORITIES                                                   iii
STATEMENT REGARDING ORAL ARGUMENT                                        1
STATEMENT OF THE CASE                                                    1
STATEMENT OF PROCEDURAL HISTORY                                          1
GROUNDS FOR REVIEW                                                       1
ARGUMENT AND AUTHORITIES                                             1-14

1. DID THE COURT OF APPEALS ERR BY DETERMINING THAT. THE TEXAS
CODE OF CRIMINAL PROCEDURE. ART. 1.15 CONTAINS NO REQUIREMENT
THAT A JUDICIAL CONFESSION BE SWORN? AND THAT THE COURT OF
APPEALS DECISION HAS AUTHORITY OVER THE COURT OF CRIMINAL APPEALS.
OF TEXAS?                                                             3-6

   A. PETITIONER'S PLEA PAPERS WERE UNSWORN, HE WAS NOT PUT UNDER
OATH DURING HIS PURPORTED GUILTY PLEA. HE NEVER AFFIRMED THAT THE
ALLEGATIONS IN THE INDICTMENT WERE TRUE
   B. WAS THE COURT OF APPEALS OBLIGATED TO UPHOLD "JONES"
ALTHOUGH INCONSISTENT WITH THE MULTIPLE COURT OF CRIMINAL APPEALS
CASES. TO DO OTHERWISE WOULD CONFLICT ITS PREVIOUS RULING
   C. THE COURT OF APPEALS WAS OBLIGATED TO UPHOLD THEIR VERY
OWN CASE "JONES" OVER A LONG LINE OF AUTHORITIES FROM THE COURT
OF CRIMINAL APPEALS?

2.  DID THE COURT OF APPEALS ERR BY DETERMINING THAT, THE
JUDICIAL CONFESSION. GUILT/INNOCENCE PHASE EVIDENCE. AND THE
SENTENCING PHASE EVIDENCE "ALTOGETHER" WAS SUFFICIENT TO SUPPORT
THE TRIAL COURT'S JUDGMENT?                                          6-12
   A.  THE GUILT/INNOCENCE PHASE "FAILED" TO ESTABLISH THE
ELEMENT OF INTENT AND THE REQUIRED CULPABLE MENTAL STATE.
   B.  PETITIONER'S SENTENCING PHASE TESTIMONY WAS CONTRARY TO
HIS "UNSWORN JUDICIAL CONFESSION"
   C.  THE STIPULATED MEDICAL REPORT "STATE'S EX. 16" DOES NOT
REVEAL WHICH GUNSHOT WOUND CAUSED THE DEATH... PETITIONER DID
NOT ADMIT TO THE GUNSHOT WOUND TO THE CHEST.

3.  DID THE COURT OF APPEALS ERR BY DETERMINING THAT. ARTICLE
1.15 OF TEX. C. CRIM. PRO. CONTAINS NO REQUIRMENT THAT A
JUDICIAL CONFESSION BE SWORN?                                       12-14
   A.  SINCE THE REQUISTE OATH OF SWEARING WAS NOT APPLIED. THE
TITLED JUDICIAL CONFESSION IS MERELY AN EXTRA JUDICIAL
CONFESSION.
   B.  THE RECORD REFLECTS THAT THE STATE OFFERED NO EVIDENCE AT
THE HEARING WHERE PETITIONER OFFERED HIS PLEA.

PRAYER                                                                  iv
OFFENDER DECLARATION                                                    iv
CERTIFICATE OF SERVICE                                                  iv
COURT OF APPEALS' OPINION AND JUDGMENT

INDEX OF AUTHORITIES

CASES

US v FIORE. 443 F. 2D 112. 115 (2D CIR 1971)
US v ROBERTSON, 582 F. 2D 1356
US v WARSZOWER. 312 US 342. 347 61 S CT 603. 85 L ED 87610 (1941)
ABDOR v OVARD. 653 SW 2D 793 (TEX CRIM APP 1983)
BEATY v STATE. 466 SW 2D 284. 286 (TEX CRIM APP 1971)
BENDER v STATE. 758 SW 2D 278. 275 (TEX CRIM APP 1988)
BROWN v STATE. 657 SW 2D 143. 145 (TEX CRIM APP 1983)
DINNERY v STATE. 592 SW 2D 343. 353 (TEX CRIM APP 1979) (OP. ON REH'G)
FLANAGAN v STATE. 675 SW 2D 734. 744 (TEX CRIM APP 1984) (OP. ON REH'G)
GALITZ v STATE. 617 SW 2D 949. 954-55 (TEX CRIM 1981)
GODSEY v STATE. 719 SW 2D 578. 580-81 (TEX CRIM APP 1986)
HAMMETT v STATE. 578 SW 2D 699. 713 (TEX CRIM APP 1979)
HARRELL v STATE. 659 SW 2D 825. 26-27 (TEX CRIM APP 1983)
KILLION v STATE. 503 SW 2D 765. 66 (TEX CRIM APP 1973)
LUGO-LUGO v STATE. 650 SW 2D 72. 81 (TEX CRIM APP 1983) (OP. ON REH'G)
MCKENNA v STATE. 780 SW 2D 797. 800 (TEX CRIM APP 1989)
MENEFEE v STATE. 287 SW 3D 9 (TEX CRIM APP 2009)
MOON v STATE. 572 SW 2D 681 (TEX CR APP 1978)
SALAZAR v STATE. 86 SW 3D 640. 644 (TEX CRIM APP 2002)
SHIELDS v STATE. 820 SW 2D 831. 833
SOTO v STATE. 456 SW 2D 389- 90 (TEX CRIM APP 1970) (OP. ON REH'G) (ONION, J. CONCURRING)
STONE v STATE. 919 SW 2D 424. 427 (TEX CRIM APP 1996)
BARNES v STATE. 103 SW 3D 494 (TEX APP SAN ANTONIO 2003)
BEAM v STATE. 500 SW 2D 802
CHAVIS v STATE. NO. 08-10-00025-CR. 2011 WL 3807747 AT *6 (TEX APP EL PASO AUG 26. 2011 PET. REF'D)(UNPUBLISHED)
CHINDAPHONE v STATE. 241 SW 3D 217 (TEX APP FORT WORTH 2007 PET REF'D)
FLOYD v STATE. 914 SW 2D 658 (TEX APP TEXARKANA 1996)
JONES v STATE. 857 SW 2D 108. 110 (TEX APP CORPUS CHRISTI 1993)
LEAL v STATE. 800 SW 2D 346. 348 (TEX APP CORPUS CHRISTI 1990) (PET REF'D)
REXFORD v STATE. 818 SW 2D 494 (TEX APP HOUSTON[1ST DIST] 1991).
SOUTHWICK v STATE. 701 SW 2D 927. 929 (TEX APP HOUSTON[1ST DIST] 1985)
WALKER v STATE. NO. 03-03-00018-CR. 2003 WL 21554285 AT *1 (TEX APP AUSTIN JULY 11. 2003) MEMO OP. NOT DISGNATED FOR PUBLICATION

STATUTES AND RULES
PENAL CODE 19.01(B)(1)
PENAL CODE  6.03(A)(B)
TEX. GOV. CODE 312.011
TEX. R. EVID. 603
TEX. C. CRIM. PRO. 1.15
TEX. C. CRIM. PRO. 1.14
TEX. C. CRIM. PRO. 1.13
TEX. CONST. AMEND. ART XVI SEC 1
BLACK'S LAW DICTIONARY. 8TH ED.

TO THE HONORABLE SAID JUDGES OF THE COURT OF CRIMINAL APPEALS OF TEXAS:

COMES NOW MICHAEL FITZGERALD REESE, PETITIONER, UNDERSIGNED, PRO SE AND PURSUANT TO RULE 68, TEXAS RULES OF APPELLATE PROCEDURE, FILES THIS 'PETITION FOR DISCRETIONARY REVIEW'. AND FOR SUCH PETITION WOULD SHOW THIS COURT AS FOLLOWS:

## STATEMENT REGARDING ORAL ARGUMENT

THIS COURT SHOULD GRANT ORAL ARGUMENT, WOULD BE HELPFUL TO HELP AID THE COURT WITH DETAILED INFORMATION ABOUT THE INCONSISTENCY OF JONES AND MENEFEE, AS WELL AS, THE MERITS OF THE CLAIMS.

## STATEMENT OF THE CASE

PETITIONER WAS CHARGED BY INDICTMENT WITH THE OFFENSE OF MURDER, A FIRST-DEGREE FELONY. ON MAY 18, 2011 (CR 4). PETITIONER ENTERED A PLEA OF NOT GUILTY AND CAUSE WAS SET FOR TRIAL. ON JULY 29, 2013 (10 RR 197-98). AFTER THE STATE PUT ON FIVE WITNESSESS, PETITIONER DECIDED TO PLEAD GUILTY WITHOUT A PLEA AGREEMENT (11 RR 153-54). THE TRIAL COURT ACCEPTED THE PLEA AND DID NOT FIND PETITIONER GUILTY BUT ORDERED A PRESENTENCE INVESTIGATION (11 RR 158-159, 61). ON JULY 30, 2013. FOLLOWING A SENTENCING HEARING, THE TRIAL COURT ASSESSED PUNISHMENT AT LIFE IN PRISON (12 RR 84; CR 71-73). ON SEPTEMBER 16, 2013. THE TRIAL COURT CERTIFIED PETITIONER'S RIGHT TO APPEAL (CR 100). NOTICE OF APPEAL WAS FILED (CR74) ON SEPTEMBER 17, 2013. TRIAL COUNSEL WAS ALLOWED TO WITHDRAW AND JOHN A. KUCHERA WAS APPOINTED TO REPRESENT ON APPEAL (CR 75-76,78,81). ON SEPTEMBER 18, 2013. MOTION FOR NEW TRIAL WAS FILED ARGUING GUILTY PLEA WAS NOT A KNOWING AND VOLUNTARY PLEA (CR 86-96) AND TRIAL COURT DENIED SAID MOTION FOLLOWING A HEARING (13RR33; CR101) ON OCTOBER 16, 2013. APPELLATE BRIEF WAS FILED WITH THE THIRTEENTH COURT OF

1

APPEALS CAUSE NUMBER 13-13-00616-CR AND TRIAL COURT JUDGMENT WAS AFFIRMED, DELIVERED AND FILED ON JULY 16, 2015. MOTION FOR REHEARING WAS FILED AND DENIED.

## STATEMENT OF PROCEDURAL HISTORY

JULY 16, 2015, COURT OF APPEALS HANDED DOWN ITS OPINION "AFFIRMING" THE TRIAL COURT JUDGMENT. AUGUST 3, 2015, MOTION FOR REHEARING WAS FILED, ALSO MOTION FOR EXTENSION OF TIME WAS FILED AND GRANTED BY COURT OF CRIMINAL APPEALS, THE TIME WAS EXTENDED TO OCTOBER 14, 2015. AUGUST 10, 2015, MOTION FOR REHEARING WAS DENIED.

## GROUNDS FOR REVIEW

GROUND NO. 1: IN DECIDING PETITIONER'S COMPLAINT THAT, BECAUSE HISJUDICIAL CONFESSION WAS NOT SWORN BEFORE A DISTRICT CLERK AND HIS ORAL GUILTY PLEA WAS NOT TAKEN UNDER OATH, THE COURT REQUIREMENTS FOR A JUDICIAL CONFESSION WERE NOT MET. DID THE COURT OF APPEALS ERR BY DETERMINING THAT THE V.A.C.C.P, ART. 1.15 CONTAINS NO REQUIREMENT THAT A JUDICIAL CONFESSION BE SWORN? AND THAT THE COURT OF APPEALS DECISION HAS AUTHORITY OVER THE COURT OF CRIMINAL APPEALS?

GROUND NO 2: IN DECIDING PETITIONER'S COMPLAINT THAT, THE EVIDENCE OFFERED BY THE STATE IN SUPPORT OF THE PLEA WAS INSUFFICIENT TO COMPLY WITH V.A.C.C.P, ART. 1.15. DID THE COURT OF APPEALS ERR BY DETERMINING THAT, THE JUDICIAL CONFESSION, GUILT/INNOCENCE AND SENTENCING PHASE EVIDENCE "ALTOGETHER" WAS SUFFICIENT TO SUPPORT THE TRIAL COURT JUDGMENT?

GROUND NO. 3: IN DECIDING PETITIONER'S COMPLAINT THAT, PETITIONER'S PLEA PAPERS WERE UNSWORN. THEY WERE THEREFORE NOT COMPETENT EVIDENCE TO SATISFY THE STATE'S BURDEN UNDER V.A.C.C.P, ART. 1.15. DID THE COURT OF APPEALS ERR BY DETERMINING THAT, ART. 1.15 OF V.A.C.C.P CONTAINS NO REQUIREMENT THAT A JUDICIAL

2

CONFESSION BE SWORN?

ARGUMENT AND AUTHORITIES

TEX. R. APP. P. 66.3(C) WHETHER THE COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE OR FEDERAL LAW IN A WAY THAT CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS OR THE UNITED STATES SUPREME COURT?

GROUND NO. 1: IN DECIDING PETITIONER'S COMPLAINT THAT, BECAUSE H HIS JUDICIAL CONFESSION WAS NOT SWORN BEFORE A DISTRICT CLERK AND HIS ORAL GUILTY PLEA WAS NOT TAKEN UNDER OATH, THE REQUIREMENTS FOR A JUDICIAL CONFESSION WERE NOT MET. DID THE COURT OF APPEALS ERR BY DETERMINING THAT V.A.C.C.P, ART. 1.15 CONTAINS NO REQUIREMENT THAT A JUDICIAL CONFESSION BE SWORN? AND THAT THE COURT OF APPEALS DECISION HAS AUTHORITY OVER THE COURT OF CRIMINAL APPEALS?

COURT OF APPEALS OPINION..
THE COURT OF APPEALS HELD A SWORN CONFESSION IS ONE FORM OF EVIDENCE THAT MAY SUPPORT A GUILTY PLEA, "WE NOTE": THAT ART. 1.15 CONTAINS NO REQUIREMENT THAT A JUDICIAL CONFESSION BE SWORN. THEN CITES ART. 1.15; JONES v STATE, 857 SW 2D 108, 110(TEX APP CORPUS CHRISTI 1993- NO PET.); WALKER v STATE, NO 03-03-00018-CR, WL 21554285 AT *1(TEX APP AUSTIN JULY 11, 2003- NO PET.)(MEM. OP. NOT DESIGNATED FOR PUBLICATIONS, MEM. OP AT 9)

THE JUDICIAL CONFESSION IS INSUFFICIENT AS A MATTER OF LAW. IT WAS NOT SWORN BEFORE A DISTRICT CLERK, PETITIONER'S ORAL STATEMENT STATEMENT WAS NOT TAKEN UNDER OATH. MAKING THE EVIDENCE OFFERED BY THE STATE IN SUPPORT OF THE PLEA INSUFFICIENT TO COMPLY WITH ART. 1.15, THE COURT OF APPEALS CONTEND ART. 1.15 CONTAINS NO REQUIREMENT THAT A JUDICIAL CONFESSION BE SWORN. ARGUMENT IS THAT TEXAS LAW HAS BEEN CLEAR, "EVERY WITNESS SHALL BE REQUIRED TO DECLARE THAT THE WITNESS WILL TESTIFY TRUTHFULLY, BY OATH OR AFFIRMATION, ADMINISTERED IN A FORM CALCULATED TO AWAKEN THE

3

WITNESS' CONSCIENCE AND IMPRESS THE WITNESS' MIND WITH THE DUTY TO DO SO".(TEX. R. EVID. 603) PLEA PAPERS WERE UNSWORN, THEY WERE THEREFORE NOT COMPETENT EVIDENCE TO SATISFY THE STATE'S BURDEN UNDER ART. 1.15, AND WAS NOT PUT UNDER OATH DURING PURPORTED GUILTY PLEA. FURTHERMORE, ALTHOUGH HE PLED GUILTY, HE NEVER AFFIRMED THAT THE ALLEGATIONS IN THE INDICTMENT WERE TRUE. THUS, NEITHER WAS ORAL STATEMENT COMPETENT EVIDENCE TO SATISFY THE STATE'S BURDEN UNDER ART. 1.15 OTHER EVIDENCE ADDUCED DURING THE ART. 1.15 PROCEEDING DID NOT CURE THESE DEFICIENCIES.(GOV. CODE 312.011 AT (8) OATH INCLUDES AFFIRMATION, (16) SWEAR OR SWORN INCLUDES AFFIRM OR AFFIRMED, (9) OFFICIAL OATH MEANS THE OATH REQUIRED BY ART. XVI, SEC. 1 TEXAS CONSTITUTION.(AS A RULE, UNSWORN TESTIMONY IS INADMISSIBLE AND IS NOT LEGAL EVIDENCE ON WHICH A JUDGMENT CAN BE BASED.)(US v FIORE, 443 F 2D 112,115 [2D CIR 1971]) TEX. R. EVID. 603 HOLDS, THIS IS REQUISTE AND A RULE. WHAT THE COURT OF APPEALS HAS DETERMINED, THAT A JUDICIAL CONFESSION DOES NOT HAVE TO BE SWORN. ART. 1.15 THAT DETERMINAT -ION CONFLICTS WITH TEX. R. EVID. 603 AND FED. R. EVID. 603, AS WELL AS, A LONG LINE OF AUTHORITIES THAT THE COURT OF CRIMINAL APPEALS HAS DECIDED. THE COURT OF APPEALS IN ITS MEM. OP. CITED JONES, QUOTES: "WE FIND NO AUTHORITY THAT APPELLANT WAS ADDITIONALLY 'REQUIRED' TO SWEAR TO THE STATEMENT". THIS OPINION CONFLICTS WITH OTHER COURT OF APPEALS OPINIONS. SEE FLOYD v STATE 914 SW 2D 658(TEX APP TEXARKANA 1996). IN "FLOYD" THE WAIVER AND CONSENT WERE SIGNED BY APPELLANT AND HIS TRIAL COUNSEL, APPROVED BY THE TRIAL COURT, AND SWORN TO BY THE DISTRICT CLERK. AS SUCH, THE "REQUIREMENTS........." OF ART. 1.15 WITH RESPECT TO STIPULATIONS WERE SATISFIED. THE COURT OF APPEALS MUST FOLLOW THE LAW DECLARED BY THE HIGHEST COURT OF THIS STATE. SEE SOUTHWICK v STATE 701 SW 2D 927,929(TEX APP HOUSTON[1 DIST] 1985, NO PET.). WHEN THE COURT OF CRIMINAL APPEALS HAS DECLARED THE LAW ON A ISSUE, THE LOWER COURTS MUST FOLLOW ITS DECLARATION .ID, CF. ABDOR v OVARD 653 SW 2D 793,793 (TEX CRIM APP 1983). THE CASES THE COURT OF APPEALS RELIES ON TO HOLD THAT A "JUDICIAL CONFESS -ION" DOES NOT HAVE TO BE SWORN TO...ARE ONE OF THEIR OWN. SEE JONES v STATE 857 SW 2D 108,110 (TEX APP CORPUS CHRISTI 1993, NO PET.); WALKER v STATE NO. 03-03-00018-CR, 2003 WL 21554285 AT *1

4

(TEX APP AUSTIN JULY 11,2003 NO PET.)(MEM. OP NOT DESIGNATED FOR PUBLICATION). IN BRIEF TO COURT OF APPEALS PETITIONER OFFERED THE FOLLOWING CASES, THE HIGHEST COURT HELD A "CONFESSION MUST BE SWORN". SEE KILLION v STATE 503 SW 2D 765-66 (TEX CRIM APP 1973) SOTO v STATE 456 SW 2D 389-90 (TEX CRIM APP 1970)(ONION, J CONCURRING) MOST RECENTLY UPHELD IN CHAVIS v STATE NO 08-10-00025-CR 2011 WL 3807747 AT *6 (TEX APP EL PASO AUG 26,2011 PET. REF'D)(UN-PUBLISHED), BEATY v STATE 466 SW 2D 284,286 (TEX CRIM 1971) IN BENDER v STATE 758 SW 2D 278 (TEX CR APP 1988) JUSTICE TEAGUE'S AND CLINTON DISSENTED: STATING, "INTERMEDIATE COURT OF APPEALS ERRED IN APPLYING ITS OWN STANDARD THAT WAS IN CONFLICT WITH THE STANDARD ANNOUNCED BY THE COURT OF CRIMINAL APPEALS. THEREFORE, I WOULD DECLINE TO RECONSIDER THE ISSUE ALREADY ADDRESSED BY THE COURT OF CRIMINAL APPEALS".

WAS THE COURT OF APPEALS OBLIGATED TO UPHOLD THEIR VERY OWN CASE "JONES" OVER A LONG LINE OF AUTHORITIES FROM THE COURT OF CRIMINAL APPEALS?

THE STATE IN ITS BRIEF PG17, ARGUES THAT APPELLANT'S WRITTEN "JUDICIAL CONFESSION" WAS SUFFICIENT TO ESTABLISH HIS GUILT FOR PURPOSES OF ART. 1.15, EVEN THOUGH, IT WAS UNSWORN. AND CITE TO THE JONES v STATE 857 SW 2D 108 (TEX APP CORPUS CHRIST 1993 NO PET.) PETITIONER CONTENDS "JONES" IS THE RULING THE COURT OF APPEALS PREVIOUSLY MADE. ARGUMENT THE COURT OF APPEALS WAS OBLIGATED AT NO CHOICE TO UPHOLD "JONES" TO DO OTHERWISE WOULD CONFLICT PETITIONER'S CASE, WITH PREVIOUS "JONES". HOWEVER, 'JONES' IS INCONSISTENT WITH MULTIPLE COURT OF APPEALS DECISIONS AND MANY COURT OF CRIMINAL APPEALS DECISIONS. AS STATED IN REPLY BRIEF AT 2, MOST RECENTLY IN MENEFEE v STATE 287 SW 3D 9 (TEX CR. APP 2009) FROM THE COURT IN MENEFEE: "WHILE NOTING THAT THERE ARE MULTIPLE WAYS BY WHICH THE STATE CAN SATISFY THE EVIDENTARY REQUIREMENT OF ART. 1.15, MADE IT VERY CLEAR THAT IF THE STATE INTENDS TO USE THE DEFENDANT'S WRITTEN STATEMENT, THAT STATEMENT MUST BE SWORN; AND IF THE STATE INTENDS TO USE THE ORAL STATEMENT'S, HE MUST BE SWORN IN AS A WITNESS.....THE COURT OF

5

APPEALS (MEM. OP AT 9) CONTENDS, THE OPERATIVE LANGUAGE OF THE JUDICIAL CONFESSION, 'IN CHINDAPHONE' IS NEARLY IDENTICAL TO THE LANGUAGE USED IN PETITIONER'S JUDICIAL CONFESSION. THEN STATES: ' THEREFORE, WE CONCLUDE THAT JUDICIAL CONFESSION IS SUFFICIENT EVIDENCE TO SATISFY ART. 1.15 BECAUSE HE STATES THAT HE READ THE INDICTMENT FILED IN THE CASE (MEM. OP AT 9) AND COMMITTED EACH ACT AND EVERY ACT ALLEGED 'THEREIN' AND THAT ALL FACTS ALLEGED IN THE INDICTMENT OR INFORMATION ARE TRUE AND CORRECT". THE LOGIC OF CLAIMS WERE IGNORED. THE DEFENDANT MAY ENTER A "SWORN" STATEMENT, AND IF THE JUDICIAL CONFESSION COVERS ALL OF THE ELEMENTS OF THE CHARGED OFFENSE, IT WILL SUPPORT THE PLEA OF GUILTY. PETITIONER MAINTAINS THE WRITTEN JUDICIAL CONFESSION IN THIS CASE IS VOID, BECAUSE IT WAS NOT SWORN TO BEFORE A DISTRICT CLERK, THE ORAL PLEA PLEA WAS NOT TAKEN UNDER OATH. PLEA OF GUILTY ALONE WILL NOT SUPPORT CONVICTION, ART. 1.15 AND A DEFENDANT WHO PLEDS GUILTY CANNOT WAIVE STATUTORY REQUIREMENTS, THAT THE STATE PLACE EVIDE-ENCE OF GUILT IN THE RECORD ART. 1.15 BECAUSE OF THESE REASONS PETITIONER REQUESTS THIS MATTER BE REVERSED AND REMANDED FOR A NEW TRIAL.

TEX. R. APP. 66.3(B) WHETHER THE COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE OR FEDERAL LAW, THAT HAS NOT BEEN BUT SHOULD BE SETTLED BY THE COURT OF CRIMINAL APPEALS?

GROUND NO. 2: IN DECIDING PETITIONER'S COMPLAINT THAT, THE EVIDENCE OFFERED BY THE STATE IN SUPPORT OF THE GUILTY PLEA WAS INSUFFICIENT TO COMPLY WITH ART. 1.15? DID THE COURT OF APPEALS ERR BY DETERMINING THAT, THE JUDICIAL CONFESSION, GUILT/INNOCENCE AND SENTENCING PHASE EVIDENCE "ALTOGETHER" WAS SUFFICIENT TO SUPPORT THE TRIAL COURT JUDGMENT?

"MENEFEE(287 SW 3D 13) THE LAW- THE UNITED STATES CONSTITUTION DOES NOT REQUIRE THAT THE STATE PRESENT EVIDENCE IN SUPPORT OF A GUILTY PLEA, IN TEXAS COURTS. ART. 1.15 CONSTITUTES "AN ADDITION-AL PROCEDURAL SAFEGUARD REQUIRED BY THE STATE OF TEXAS BUT NOT BY FEDERAL CONSTITUTION LAW". AT 14. NO TRIAL COURT IS AUTHORIZED TO RENDER A CONVICTION IN A FELONY CASE, CONSISTENT WITH ART. 1.15

6

BASED UPON A GUILTY PLEA "WITHOUT SUFFICIENT EVIDENCE TO SUPPORT THE SAME". AT 15. EVIDENCE IN SUPPORT OF GUILTY PLEA MAY TAKE MANY FORMS, THE STATUTE EXPRESSLY PROVIDES THAT THE DEFENDANT MAY CONSENT TO THE PROFFER OF EVIDENCE IN TESTIMONAL OR DOCUMENTARY FORM, OR TO AN ORAL OR WRITTEN STIPULATION OF THE EVIDENCE AGAIN-ST HIM WOULD BE, WITHOUT NECESSARILY ADMITTING TO ITS VERACITY OR ACCURACY. AND SUCH A PROFFER OR STIPULATION OF EVIDENCE WILL SUFF -ICE TO SUPPORT THE GUILTY PLEA SO LONG AS IT EMBRACES EVERY CONSTITUENT ELEMENT OF THE CHARGED OFFENSE.

## ARGUMENT

GUILT/INNOCENCE PHASE EVIDENCE: THE STATE PUT ON FIVE WITNESSESS, WHO WERE ALL PRESENT AT THE DENNY'S AT THE TIME OF THE INCIDENT, NONE OF THE WITNESSES TESTIFIED THAT THEY SEEN PETITIONER ACTUALLY SHOOT THE VICTIM; (1) ERIKA GARCIA TESTIFIED PETITIONER WAS SCREAMING AT HIS GIRLFRIEND, SHE RECORDED THE INCIDENT. THE CELLPHONE VIDEO WAS ADMITTED AS STATE'S EXHIBIT (11RR34-37,40,42). SHE ALSO TESTIFIED SHE DID NOT SEE WHAT HAPPENED OUTSIDE AFTER THEY LEFT (11RR49). (2) ANGELA BURT TESTIFIED SHE DID NOT SEE THE SHOOTING. BURT: SECURITY APPROACHED AND ASKED EVERYONE TO LEAVE (11RR75-76), TESTIFIED PETITIONER, CHAVALIER JENKINS, JUSTIN RICHARDSON AND DARIAN CARPENTER WALKED OUT THE DOOR. STATE: DID YOU HEAR OR SEE ANY-THING AS THEY WERE LEAVING DENNY'S? BURT: AFTER THEY LEFT OUT, I HEARD TWO GUNSHOTS. STATE: DID YOU SEE ANYBODY SHOOTING THAT NIGHT? BURT: NO I DIDN'T. (3) TINA PELLETIER, A WAITRESS AT THE DENNY'S TESTIFIED, SHE WAS PRESENT DURING THE INCIDENT. IN STATE'S OPENING STATEMENT TO THE JURY 11RR20-21: STATED THAT PELLETIER WILL TELL YOU SHE SAW A GUY IN A PINK SHIRT, TAKE OUT A FIREARM AND SHOOT. PELLETIER TESTIFIED SHE DID NOT SEE THE SHOTS, SHE JUST HEARD THEM 11RR101-102. SHE DESCRIBED THE PERSON TO THE JURY, PELLETIER: HE WAS WEARING A "WHITE SHIRT" AND HE WAS ABOUT MY HEIGHT. HE HAD A GUN IN HIS RIGHT HAND AND HE WAS WALK-ING TOWARDS THE VICTIM WHEN I HEARD THE SHOTS. (4) CHARMAINE HUNTER, ALSO AN EMPLOYEE AT THE DENNY'S TESTIFIED, SHE HAD KNOWN PETITIONER A COUPLE MONTHS PRIOR TO APRIL 2D, BECAUSE "HE IS A

7

REGULAR" 11RR115-116. HUNTER IDENTIFIED PETITIONER AS BEING INVOLVED IN THE DISTURBANCE, SHE TESTIFIED SHE TRIED TO CALM DOWN PETITIONER 11RR120-122 INSIDE AND OUTSIDE THE DENNY'S. HUNTER TESTIFIED SHE TURNED HER HEAD, SHE SEEN HIM PULL OUT A GUN. AFTER THAT.."HUNTER: I HEARD PEOPLE SHOUTING, 'MIKE, NO. STOP, MIKE!' HUNTER TESIFIES SHE HEARD TWO SHOTS". STATE: AND DID YOU SEE MIKE SHOOT EITHER ONE OF THOSE SHOTS? HUNTER: NO, I JUST WENT BLANK. I DON'T REMEMBER ANYTHING AFTER THAT 11RR22. (5) JOESPH TAYLOR, WAS AT A TABLE IN DENNY'S, HE TESTIFIES THAT TWO GUYS CAME IN AFTER A LARGER GROUP HAD BEEN SEATED AND CAUSED A DISTURBANCE 11RR128-131,135. TAYLOR TESTIFIES THE GUY IN THE PINK SHIRT WAS ARGUING OR TALKING LOUD...WITH ONE OF THE GUYS IN THE LARGER GROUP. STATE: DO YOU REMEMBER WHICH GUY HE WAS ARGUING WITH? TAYLOR: HE...KIND OF LOOKED AT HIM, BUT HE WAS TALKING TO THE FEMALE. TAYLOR TESTIFIES SECURITY GUARD TOLD THEM TO GET OUT OR TAKE IT OUTSIDE. STATE: DID YOU REMEMBER WHAT HAPPENED WHEN THEY WERE OUTSIDE? TAYLOR: BUT AS THEY ARE--THERE ARE TWO GUYS WALKING DOWN THE SIDEWALK, AND I HEARD TWO SHOTS. AND IMMEDIATE-LY 'AFTER' I HEARD THE TWO SHOTS, I LOOKED UP, LOOKED OUT THE WINDOW TO SEE WHAT WAS GOING ON. AND I SEE THE ONE GUY FALLING LIKE HE-THE ONE THAT GOT SHOT FALLING AND THE OTHER TWO GUYS RUNNING. I SAW ONE GUY RUNNING WITH THE GUN, THE GUY IN THE PINK SHIRT 11RR137-138. TAYLOR PICKED PETITIONER OUT A PHOTO LINE UP, WRITING UNDER HIS SELECTION THIS LOOKS LIKE THE SHOOTER 11RR141-142. PETITIONER ARGUES...

A STIPULATION OF EVIDENCE OR JUDICIAL CONFESSION THAT FAILS TO ESTABLISH EVERY ELEMENT OF THE OFFENSE CHARGED WILL NOT AUTHORIZE THE TRIAL COURT TO CONVICT. MENEFEE v STATE 287 SW 3D 14. THE GUILT/INNOCENCE PHASE "FAILED" TO ESTABLISH THE ELEMENT OF INTENT AND THE REQUIREMENT OF A CULPABLE MENTAL STATE. MURDER AS DEFINED IN SECTION 19.02(B)(1) STATES: WHEN A PERSON INTENTIONALLY OR KNOWINGLY CAUSES THE DEATH OF AN INDIVIDUAL. AN INTENTIONAL KILLING OCCURS WHEN THE PERSON'S CONSCIOUS DESIRE OR OBJECTIVE IS TO CAUSE THE DEATH, A KNOWING KILLING OCCURS WHEN THE PERSON KNOWS THAT DEATH IS REASONABLY CERTAIN TO RESULT [PEN. C. 6.03(A)(B)]. THUS, A KNOWING KILLING CONTEMPLATES THE COMMISSION OF AN ACT THAT IS OBJECTIVELY DANGEROUS TO HUMAN LIFE

8

WHEN THE DEFENDANT IS SUBJECTIVELY AWARE THE ACT RESULTING IN DEATH IS CLEARLY DANGEROUS TO HUMAN LIFE (LUGO-LUGO[650 SW 2D 72,81](TEX CRIM APP 1983)(OP. ON REH'G) ) TO PROVE MURDER UNDER THIS THEORY, THE STATE MUST SHOW THAT THE DEFENDANT INTENTIONALLY OR KNOWINGLY ENGAGED IN THE ACT THAT CAUSED THE DEATH AND INTENDED OR KNEW THAT DEATH WOULD RESULT FROM THAT ACT (LEAL[800 SW 2D 346,348(TEX APP CORPUS CHRIST 1990] PET REF'D) PETITIONER ARGUES NONE OF THE STATE'S WITNESSESS GAVE TESTIMONIES OR PROVIDED EVIDENCE OF THE "ACT" THAT CAUSED THE DEATH OF THE VICTIM. THE MANAGER(   ) SAID SHE HEARD PEOPLE SHOUTING "MIKE, NO. MIKE, NO. STOP, MIKE". BUT NO ONE GAVE EYE-WITNESS TESTIMONIES AS A RESULT, THE STATE FAILED TO ESTABLISH THE ELEMENT OF INTENT AND THE REQUIRE OF A CULPABLE MENTAL STATE. THE COURT OF APPEALS OMMITTED ANY CONCLUSION REGARDING THE STIPULATED EVIDENCE, WHICH WAS NOT CORROBORATED BY PETITIONER'S TESTIMONY..

SENTENCING PHASE EVIDENCE..... STATE: THE NIGHT YOU "SHOT RICH" IN THE BACK, YOU SHOT HIM TWICE? IS THAT RIGHT? REESE: NO. STATE: HOW MANY TIMES DID YOU SHOOT HIM? REESE: I FIRED MY WEAPON ONCE. STATE:  WHERE DID THE OTHER BULLET COME FROM BECAUSE HE WAS HIT WITH TWO BULLETS? REESE: I WAS NEVER TOLD ABOUT THAT.. STATE: THERE ARE PICTURES AND EVERYTHING THAT HAS COME INTO EVIDENCE. THERE IS REALLY NOT AN ISSUE. HE WAS SHOT TWICE. IF YOU DIDN'T SHOOT HIM, WHO SHOT HIM THE SECOND TIME? REESE: IF IT SERVES ME CORRECTLY, I ONLY FIRED MY WEAPON ONCE. STATE: WHEN YOU SHOT HIM YOU SHOT HIM IN THE BACK? REESE: CORRECT 12RR18-19. STATE: THAT WAS A MISTAKE OR DID YOU DO THAT ON PURPOSE? REESE: THAT WAS A MISTAKE, SIR. STATE: WOULD YOU SAY "OOPS"? WAS IT AN ACCIDENT? YOU DID IT ON PURPOSE. REESE: IT WAS A MISTAKE SIR. STATE: WAS IT INTENTIONAL? REESE: NO SIR IT WAS NOT INTENTIONAL. STATE: IT WAS UNINTENTIONAL? REESE: YES, SIR. STATE: AND WHEN YOU PUT YOUR FINGER ON THE TRIGGER, WAS THAT UNINTENTIONAL? REESE: YES, SIR. STATE: AND THEN WHEN YOU SQUEEZED IT, WAS THAT AN ACCIDENT? WAS THAT A MISTAKE? REESE: THAT WAS A MISTAKE, SIR. STATE: A MISTAKE. SO YOU DIDN'T MEAN TO DO THAT. REESE: NO, SIR. STATE: SO ALL THE THINGS THAT YOU DID THAT DAY YOU ARE TELLING THE COURT YOU DID NOT MEAN TO DO THOSE THINGS. REESE: NO, SIR IT WAS A MISTAKE.. PETITIONER ARGUES... IN CONJUNCTION WITH THE ABOVE TESTIMONY FROM PETITIONER, WAS HIS SIGNED PLEA AGREEMENT(CR6) THAT HE HAS

9

READ THE INDICTMENT AND COMMITTED EACH AND EVERY ACT ALLEGED THEREIN. THE INDICTMENT READ IN PART: "DEFENDANT, ON OR ABOUT THE 2D DAY OF APRIL...2011, DID THEN AND THERE INTENTIONALLY AND KNOWINGLY CAUSE THE DEATH OF AN INDIVIDUAL, NAMELY, JUSTIN RICHARDSON, BY SHOOTING THE SAID JUSTIN RICHARDSON WITH A FIREARM THE PENAL CODE CONTAINS NO PROVISION THAT THE INTENT TO KILL MAY BE PRESUMED WHEN THE INJURY, DEATH OR ATTEMPTED DEATH IS CAUSED BY VIOLENCE TO THE PERSON OR WHEN THE MEANS WERE USED WHICH ORDINARILY RESULT IN THE COMMISSION OF THE FORBIDDEN ACT. SEE BROWN v STATE 657 SW 2D 143,145 (TEC CRIM APP 1983) [ACT OF FIRING PISTOL INTO RESIDENCE, IN AND OF ITSELF, NOT SUFFICIENT TO SUPPORT PROOF OF INTENT TO KILL.] THE PRESUMPTION OF AN INTENT TO KILL DOES NOT ARISE MERELY BECAUSE THE DEFENDANT USES A DEADLY WEAPON PER SE IN A DEADLY MANNER. AS A RESULT, IF THE DEFENDANT TESTIFIES TO THE ABSENCE OF ANY INTENT TO KILL (AS DONE IN THIS CASE), HE OR SHE MAY BE ENTITLED TO AN INSTRUCTION ON A LESSER-INCLUDED OFFENSE BASED ON THAT TESTIMONY (SEE HARRELL v STATE 659 SW 2D 825,826-827 [TEX CRIM APP 1983]) IN THE ABSENCE OF A JURY, DURING THE SENTENCING PHASE, PETITIONER TESTIFIED "HE FIRED HIS WEAPON ONCE IN THE BACK OF THE VICTIM..IT WAS A MISTAKE". HOWEVER, AN INTENT TO KILL MAY BE INFERRED BY THE JURY FROM THE USE OF A DEADLY WEAPON. [FLANAGAN v STATE 675 SW 2D 734,744 (TEX CRIM APP 1984)(OP ON REH'G)] THIS INFERENCE MAY NOT BE MADE WHEN THE MANNER OF THE WEAPON'S USE MAKES IT REASONABLY APPARENT THAT DEATH OR SERIOUS BODILY INJURY COULD NOT RESULT (GODSEY v STATE 719 SW 2D 578,580-581 (TEX CRIM APP 1986) THE STATE FAILED TO SATISFY THIS BURDEN.

THE STATE FAILED TO PROVE THE ESSENTIAL ELEMENTS OF THE CRIME, IN THIS CASE AND THE COURT OF APPEALS ERRED IN AFFIRMING THE TRIAL COURT'S JUDGMENT.

THE STATE FAILED TO PROVE THE CONSTITUENT PARTS OF CRIME, CONSISTING OF THE ACTUS REUS, MENS REA AND CAUSATION. TO SUSTAIN A CONVICTION THE PROSECUTION MUST PROVE THESE ELEMENTS.
PETITIONER TESTIFIED: "I NEVER HAD INTENTINOS ON HARMING ANYONE. I WAS NEVER TAUGHT ANYTHING OF THAT NATURE" 12RR15. PETITIONER'S INDICTMENT IN PART READS..DID THEN AND THERE 'INTENTIONALLY AND KNOWINGLY' CAUSED THE DEATH OF AN INDIVIDUAL.... IF THE INDICTMENT CHARGES THAT THE KILLING WAS KNOWING AND INTENTIONAL, SUCH

10

THE JURY MAY BE INSTRUCTED TO CONVICT IF THE KILLING WAS EITHER INTENTIONAL OR KNOWING. SUCH AN INDICTMENT EXPRESSES TWO THEORIES OF THE OFFENSE AND PROOF OF EITHER ONE IS SUFFICIENT TO CONVICT. [HAMMETT v STATE 578 SW 2D 699,713 (TEX CRIM APP 1979)] PETITIONER'S TESTIMONY WAS CONTRARY TO HIS "UNSWORN" JUDICIAL CONFESSION THAT THEY ALLEGATIONS IN THE INDICTMENT ARE TRUE AND CORRECT. ART. 1.15 REQUIRES THE STATE TO INTRODUCE SUFFICIENT EVIDENCE TO SUPPORT A JUDGMENT UPON A GUILTY PLEA OR NOLO CON-TENDERE. MCKENNA v STATE 780 SW 2D 797,800 (TEX CRIM APP 1989). THE SUPPORTING EVIDENCE CAN CONSIST OF ORAL BY THE ACCUSED, SEE GALITZ v STATE 617 SW 2D 949,954-55 (TEX CRIM APP 1981). THE PETITIONER STIPULATED TO THE MEDICAL EXAMINER'S REPORT, AT 11RR62 WHICH REVEALED TWO GUNSHOT WOUNDS WERE THE CAUSE OF DEATH. BUT WHEN PETITIONER WAS QUESTIONED ABOUT HIS INVOLVEMENT OF THE DEATH OF THE INDIVIDUAL, PETITIONER TESTIFIES HE ONLY FIRED HIS "WEAPON ONCE IN THE VICTIMS BACK.(VICTIM WAS SHOT IN THE CHEST ALSO...SEE STATE'S EXHIBIT 16, AT GUNSHOT WOUND #2). INSTEAD OF THE STATE PROVING THAT PETITIONER SHOT THE VICTIM TWICE (ACTUS REUS) HE CHANGED THE LINE OF QUESTIONING. WHEN A DEFENDANT HAS WAIVED TRIAL BY HURY AND PLEADED GUILTY, A TRIAL COURT HAS A DUTY TO C CONDUCT SOME SORT OF PROCEEDING WHEN EVIDENCE, THAT'S INCONSIST-ENT WITH THE GUILT IS INTRODUCED. SEE MOON v STATE 572 SW 2D 681 (TEX CR APP 1978). (1) STIPULATION IN CONTEXT OF NOLO CONTENDERE OR GUILTY PLEA INCLUDES AGREEMENTS ABOUT WHAT THE EVIDENCE OR TESTIMONY WOULD BE, IF PRESENTED IN OPEN COURT, WITHOUT CONCEDING THE TRUTHFULNESS OF THAT EVIDENCE OR OTHERWISE WAIVING THE NEED FOR V.A.C.C.P 1.15. (2) A DEFENDANT WHO PLEADS NOLO CONTENDERE OR GUILTY DOES NOT NEED TO CONCEDE THE VERACITY OF THE STIPULATED EVIDENCE, HOWEVER, IF THE DEFENDANT CONCEDES, THE COURT'S CONSIDE -R THE STIPULATION A JUDICIAL CONFESSION. BARNES v STATE 103 SW 3D 494 (TEX APP SAN ANTONIO 2003). IN THIS CASE STATE EXHIBIT 16 COPY OF MEDICAL EXAMINER'S REPORT, REVEALS TWO GUNSHOT WOUNDS, O ONE IN THE BACK AND ONE IN THE FRONT UPPER CHEST. THIS REPORT DOES NOT REVEAL WHICH WOUND WAS THE FATAL GUNSHOT WOUND THAT RESULTED IN THE DEATH OF THE INDIVIDUAL. PETITIONER DID NOT ADMIT GUILT TO THE GUNSHOT WOUND TO THE CHEST, THE STATE FAILED TO ESTABLISH THE ACTUS REUS, THE SENTENCING PHASE EVIDENCE NOR THE

11

GUILT/INNOCENCE PHASE EVIDENCE ESTABLISH MENS REA OR INTENT. THUS THE STATE FAILED TO ESTABLISH EVIDENCE SUFFICIENT TO SUPPORT THE PLEA UNDER V.A.C.C.P ART. 1.15, IT DID NOT PROVIDE INDEPENDENT EVIDENCE TO SUBSTANTIATE DEFENDANTS GUILT. THE COURT OF APPEALS ERRED BY HOLDING THAT THE WRITTEN JUDICIAL CONFESSION BY PETITIONER, TAKEN ALONG WITH THE EVIDENCE ADMITTED DURING THE TRIAL WAS SUFFICIENT TO SUPPORT THE TRIAL COURT'S JUDGMENT. A JUDICIAL CONFESSION STANDING ALONE IS SUFFICIENT TO SUSTAIN A CONVICTION ON A PLEA OF GUILTY AND TO SATISFY THE REQUIREMENTS OF ART. 1.15. DINNERY v STATE 592 SW 2D 343,353 (TEX CRIM APP 1979)(OP. ON REH'G). THERE WAS A DEFICIENCY IN THE JUDICIAL CONFESSION, IT WAS NOT SWORN BEFORE A DISTRICT CLERK, AS MANY CASES IN OTHER COURT OF APPEALS' AND THE COURT OF CRIMINAL APPEALS. THIS DEFICIENCY WAS NOT REMEDIED BY THE GUILT/INNOCENCE OR SENTENCING PHASES, THEREFORE, PETITIONER REQUEST RELIEF.

TEX. R. APP. 66.3(D) WHETHER THE COURT OF APPEALS HAS DECLARED A STATUTE, RULE, REGULATION, OR ORDIANCE UNCONSTITUTIONAL OR APPEARS TO HAVE MISCONSTRUED A STATUTE, RULE, REGULATION, OR ORDIANCE.

GROUND THREE: IN DECIDING PETITIONER'S COMPLAINT THAT, PETITIONER'S PLEA PAPERS WERE UNSWORN. THEY WERE THEREFORE NOT COMPETENT EVIDENCE TO SATISFY THE STATE'S BURDEN UNDER ART. 1.15. DID THE COURT OF APPEALS ERR BY DETERMINING THAT, ART. 1.15 CONTAINS NO REQUIREMENT THAT A JUDICIAL CONFESSION BE SWORN?

(1) V.A.C.C.P ARTICLE 1.15 IS THE LAW REGARDING THE SUFFICIENCY OF THE EVIDENCE WHEN PLEADING GUILTY IN A NON-CAPITAL CASE. THE EVIDENCE IS CONSIDERED SUFFICIENT UNDER ART. 1.15 WHEN IT EMBRACE EVERY ELEMENT OF THE OFFENSE. STONE v STATE 919 SW 2D 424, 427 (TEX CRIM APP 1996) "A CONVICTION RENDERED WITHOUT SUFFICIENT EVIDENCE TO SUPPORT A GUILTY PLEA CONSTITUTES A TRIAL ERROR." MENEFEE v STATE 287 SW 3D 9,13 (TEX CRIM APP 2009).

(2) ARTICLE 1.15, V.A.C.C.P= NO PERSON CAN BE CONVICTED OF A FELONY EXCEPT UPON THE VERDICT OF A JURY DULY RENDERED AND RECORDED, UNLESS THE DEFENDANT, UPON ENTERING A PLEA, HAS IN OPEN COURT, IN PERSON WAIVED HIS RIGHT TO TRIAL BY JURY, IN

12

WRITING IN ACCORDANCE WITH ART.(S) 1.13, 1.14. PROVIDED, HOWEVER, THAT IT SHALL BE NECESSARY FOR THE STATE TO INTRODUCE EVIDENCE IN -TO THE RECORD SHOWING THE GUILT OF THE DEFENDANT AND SAID EVIDENCE SHALL BE ACCEPTED BY THE COURT AS THE BASIS FOR ITS JUDGMENT AND IN NO EVENT SHALL A PERSON CHARGED BE CONVICTED UPON HIS PLEA WITHOUT SUFFICIENT EVIDENCE TO SUPPORT THE SAME.

## ARGUMENT

THE COURT OF APPEALS ADOPTED THE STATE'S CONTENTION THAT PETITIONER'S "UNSWORN"......WRITTEN JUDICIAL CONFESSION, TAKEN ALONG WITH THE EVIDENCE ADMITTED DURING THE TRIAL WAS SUFFICIENT TO SUPPORT GUILTY PLEA OF MURDER. DUE PROCESS DOES NOT PRECLUDE WRITTEN ADMONISHMENTS AND WRITTEN JUDICIAL CONFESSIONS. LEE ANN DAUPHINOT, JUSTICE DISSENTING..CHINDAPHONE v STATE 241 SW 3D 217 (TEX APP FORT WORTH 2007) PET. REF'D. THE APPELLANT RECORD DOES INCLUDE A COPY OF A DOCUMENT SIGNED BY APPELLANT STYLED "JUDICIAL CONFESSION" IN WHICH APPELLANT DID NOT ADMIT THAT HE INTENTIONALL -Y AND KNOWINGLY COMMITTED THE OFFENSE AS SET OUT IN THE INDICT -MENT, NEITHER IS THERE A COPY OF THE INDICTMENT ATTACHED TO THE JUDICIAL CONFESSION, SETTING FORTH THE FACTS AND ELEMENTS OF THE CRIME. THIS DOCUMENT WAS SIGNED BY APPELLANT, APPROVED BY HIS ATTORNEY AND THE COURT. BUT, "WAS NOT SWORN" TO BEFORE A DEPUTY CLERK OF THE COURT LIKE THE DEFENDANT IN FLOYD v STATE 914 SW 2D 658 (TEX APP TEXARKANA 1996)(NOTE: FLOYD CAME AFTER JONES). PETITIONER ARGUES SINCE THE REQUISTE OATH OF SWEARING WAS NOT APPLIED (TEX R EVID 603) THE TITLED WRITTEN JUDICIAL CONFESSION IS MERELY AN "EXTRAJUDICIAL CONFESSION". SEE SALZAR v STATE 86 SW 3D 640,644 (TEX CRIM APP 2002)(THE CORPUS DELICIT RULE, REQUIRING CORROBORATION OF CONFESSIONS PROTECTS THE ADMINIST- RATION OF THE CRIMINAL LAW AGAINST ERRORS IN CONVICTIONS BASED UPON UNTRUE CONFESSIONS ALONE.) WARSZOWER v UNITED STATES 312 US 342,347 61 S CT 603, 85 L ED 876 (1941). THE RECORD REFLECTS "DURING A RECESS" THE PETITIONER WAIVED HIS RIGHT TO TRIAL BY JURY AND CHANGED HIS PLEA TO GUILTY WITHOUT A PLEA AGREEMENT 11RR153. A WRITTEN JUDICIAL CONFESSION WAS GIVEN CR66 OUT OF COURT PROCEEDINGS. THE ORAL CONFESSION WAS NOT SWORN TO. WHILE ALL GUILTY PLEAS ARE CONFESSIONS, NOT ALL CONFESSIONS ARE NOT GUILTY PLEAS. US v ROBERTSON 582 F 2D 1356. AN 'EXTRAJUDICIAL CONFESSION' DEFINED IS: A CONFESSION MADE OUT OF COURT, AND NOT

13

PART OF JUDICIAL EXAMINATION OR INVESTIGATION. SUCH A CONFESSION MUST BE CORROBORATED BY SOME OTHER PROOF OF THE CORPUS DELICIT OR ELSE IT IS INSUFFICIENT TO WARRANT A CONVICTION. BLACK'S LAW DICTIONARY- EIGHTH EDITION. RULES GOVERNING ADMISSIBILITY OF CONFESSIONS EXTEND ALSO TO STATEMENTS IN NATURE OF A CONFESSION, THOUGH LACKING ALL OF THE ESSENTIAL ELEMENTS OF A CONFESSION. SEE BEAM v STATE 500 SW 2D 802. PETITIONER'S BRIEF AT 22 ARGUES "IF THE STATE WANTED TO USE THE TESTIMONIES TO SATISFY ITS BURDEN FOR PURPOSES OF THE ART. 1.15 PROCEEDINGS IT WOULD NEED TO HAVE OFFERED THE TESTIMONIES AS A STIPULATION OR ASKED THE COURT TO TAKE JUDICIAL NOTICE THEREOF. CITING TO: SHIELDS v STATE 820 SW 2D 831,833; 'THE STATE DID NEITHER' ". JUSTICE LEE ANN DAUPHINOT, DISSENTED IN 'CHINDAPHONE' IN PART.. "HAD THE STATE OFFERED APPELLANT'S JUDICIAL CONFESSION INTO EVIDENCE THERE WOULD BE NO QUESTION WHETHER THE CONSTITUTIONAL AND STATUTORY DUE PROCESS REQUIREMENTS WERE MET. DINNERY v STATE 592 SW 2D 343,353 (TEX CR APP 1979)(OP. ON REH'G). THE JUSTICE'S DISSENT IN CLOSING WAS DUE TO THE STATE NOT ASKING THAT THEJUDICIAL CONFESSION BE ADMIT -TED INTO EVIDENCE OR THAT THE TRIAL COURT TAKE JUDICIAL NOTICE. IN THIS CASE THE STATE IN ITS BRIEF AT 19 SAYS IT 'REOFFERED' ALL THE EVIDENCE HEARD THAT SAMEDAY BUT THE JURY WAS "ALREADY DISMISSED" THE STATE ARGUED, THE PROSECUTORS, COUNSEL FOR APP -ELLANT WERE THE SAME AS HAD TRIED THE CASE ALL THAT DAY BEFORE THE JURY... THE ONLY DIFFERENCE IT WAS NOT OFFERED NOR ACCEPTED BY THE COURT UNTIL "AFTER" THE PLEA WAS ACCEPTED. 11RR154-166 THE COURT OF APPEALS CONCLUDED MEM. OP. AT 10, "EVEN IF WE WERE TO CONCLUDE THAT APPELLANT'S JUDICIAL CONFESSION WAS DEFICIENT, THERE IS OTHER EVIDENCE IN THE RECORD TO COMPENSATE FOR THE DEFICIENCY, INCLUDING THE GUILT/INNOCENCE EVIDENCE... (WHICH WAS REOFFERED AND ADMITTED AT THE SENTENCING PHASE)... AND THE SENTENCING PHASE EVIDENCE". THE STATE FAILED TO OFFER ANY EVIDENCE IN SUPPORT OF PETITIONER'S GUILTY PLEA. A CONVICTION CANNOT BE BASED ON A GUILTY PLEA UNLESS THE STATE INTRODUCES EVIDENCE INTO THE RECORD SHOWING THE GUILT OF THE DEFENDANT ART. 1.15 V.A.C.C.P. THE RECORD REFLECTS THAT THE STATE OFFERED NO EVIDENCE AT THE HEARING WHERE PETITIONER OFFERED HIS PLEA. QUOTE: REXFORD v STATE 818 SW 2D 494 (TEX APP HOUSTON[1ST DIST] 1991)

JUSTICE TREVATHAN, C.J. DISSENTING.... FOR THESE REASONS THE COURT OF APPEALS MISCONSTRUED A STATUTE AND RULE. PETITIONER REQUEST RELIEF BE GRANTED.

## PRAYER

WHEREFORE, PETITIONER PRAYS THAT HE MAY BE GRANTED RELIEF THAT THIS COURT GRANT THIS PETITION FOR DISCRETIONARY REVIEW.

## DECLARATION

I SWEAR UNDER THE PENALTY OF PERJURY THE INFORMATION IN THIS FOREGOING DOCUMENT IS TRUE AND CORRECT.

MICHAEL FITZGERALD REESE

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING PETITION FOR DISCRETIONARY REVIEW HAS BEEN MAILED TO: HON. BOB D. ODOM, P.O. BOX 540, BELTON, TEXAS 76513; THE COURT OF CRIMINAL APPEALS OF TEXAS, P.O. BOX 12308, CAPITAL STATION, AUSTIN, TEXAS 78711 AND, STATE PROSECUTING ATTORNEY. ON THIS DATE OF October 12th, 2015

MICHAEL FITZGERALD REESE

2015 WL 4381223
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR
DESIGNATION AND SIGNING OF OPINIONS.

DO NOT PUBLISH. TEX. R. APP. P. 47.2(B).
Court of Appeals of Texas,
Corpus Christi-Edinburg.

Michael Fitzgerald Reese, Appellant,

v.

The State of Texas, Appellee.

Numbers 13–13–00616–CR |
Delivered and filed July 16, 2015

**On appeal from the 27th District Court of Bell County, Texas.**

**Attorneys and Law Firms**

John Kuchera, for Michael Fitzgerald Reese.

Henry Garza, Bob Odom, for the State of Texas.

Before Chief Justice Valdez, and Justices Benavides and Perkes

## MEMORANDUM OPINION

Memorandum Opinion by Justice Perkes [1]

**\*1** Appellant Michael Fitzgerald Reese appeals his conviction for the offense of murder, a first-degree felony. *See* TEX. PENAL CODE ANN. § 19.02(b) (West, Westlaw through Ch. 46 2015 R.S.). Appellant pled guilty and the trial court assessed punishment at life imprisonment. By two issues, appellant argues: (1) the trial court erred in accepting appellant's guilty plea because the evidence offered by the State in support of his plea was insufficient to comply with article 1.15 of the Code of Criminal Procedure; and (2) assuming arguendo that appellant's punishment evidence could be used to satisfy article 1.15, the evidence established only that he was guilty of the lesser-included offense of manslaughter. *See* TEX. PENAL CODE ANN. § 19.04. We affirm.

## I. BACKGROUND

Appellant was charged by indictment with "intentionally and knowingly caus [ing] the death of an individual, namely, Justin Richardson, by shooting the said Justin Richardson with a firearm." At trial, five witnesses testified before appellant entered a plea of guilty and signed a judicial confession.

The following evidence was presented prior to appellant's guilty plea. On April 1, 2011, around 1 a.m., appellant's former girlfriend and her friends went to Club Rosse. While there, appellant approached her and asked what she was doing at the club and "what's going on?" She asked him to leave her alone and to stop calling her. She then left the club with her friends and went to a Denny's restaurant. Justin Richardson was among those present. Appellant arrived at Denny's about ten minutes later, wearing a pink shirt and khakis. He demanded she go outside with him and talk. When the others at the table said that this was not the time and place for this conversation, appellant responded by using combative and vulgar language.

The manager and security guard then asked appellant and the three men standing near him to leave the restaurant and escorted them out. Richardson and appellant, along with the two other men, went outside. The manager, who knew appellant because he was a regular customer, pushed him outside and told him to leave. The manager testified to the following:

[PROSECUTOR:] Okay. What happened when you walked outside with Mike?

[MANAGER:] When I walked outside, I was trying to calm Mike down. I was like, "Mike, just leave, just leave it alone." The next thing I know, when I turned my head, I seen him pull out a gun. And after that I heard people shouting, "Mike, no. Mike, no. Stop, Mike." And I looked. The security guard was trying to push me back in. About that time I heard two gunshots.

[PROSECUTOR:] And did you see Mike shoot either one of the shots?

[MANAGER:] No, I just went blank. I don't remember anything after that.

[PROSECUTOR:] How close were you to him when he pulled out his gun?

[MANAGER:] It wasn't—I wasn't that close, but I was close enough to notice that he had pulled out a gun.

[PROSECUTOR:] Do you see where he pulled his gun from?

[MANAGER:] I just—his shorts.

*2 Another customer at Denny's testified that he thereafter witnessed "the guy with the pink shirt" running away with a gun.

Before the trial concluded, appellant entered a six-page written plea agreement, supported by a signed "Judicial Confession." The Judicial Confession reads as follows:

> Upon my oath I swear my true name is Michael Fitzgerald Reese and I am 30 years of age; I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those acts waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense as well as all lesser included offenses. All enhancements and habitual allegations set forth in the indictment or information are true and correct, except those waived by the State. All deadly weapon allegations are true and correct. All other affirmative findings to be made by the Court pursuant to this Written Plea Agreement are true and correct. I swear to the truth of all the foregoing and further, that all testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me God.

Appellant also signed a declaration within the same document that reads as follows:

> My name is MICHAEL FITZGERALD REESE ... I am presently incarcerated in the Bell County Jail in Belton, Bell County, Texas 76513. I declare under penalty of perjury that all of the foregoing is true and correct.

The trial court admonished appellant and discussed the indictment with appellant:

> THE COURT: Sir, at this point in time you are charged with the first-degree felony offense that on or about the 2nd day of April in 2011, here in Bell County, Texas, and before this indictment was presented, that you did then and there intentionally and knowingly cause the death of an individual, namely, Justin Richardson, by shooting the said Justin Richardson with a firearm. Did you understand that charge?
>
> [APPELLANT]: Yes.
>
> THE COURT: To that charge, sir, what is your plea, guilty or not guilty?
>
> [APPELLANT]: Guilty.
>
> ...
>
> THE COURT: Then is it true that you are pleading "guilty" solely because you are guilty and for no other reason?
>
> [APPELLANT]: Yes.
>
> THE COURT: All right. I will accept your plea.
>
> [PROSECUTOR]: I would ask the Court to take judicial notice of [appellant's] confession contained in the plea paperwork on page six, your Honor.
>
> [APPT. ATTY]: No objection.
>
> THE COURT: For the record, I am going to mark page six of the written plea agreement entitled "Judicial Confession" as State's Exhibit No. 1 [sic] and admit it into evidence.

The trial court admitted the Judicial Confession into evidence. The Court further admitted the following into evidence, without objection: (1) the medical examiner's report; (2) the ballistics report; and (3) voluminous photographs from the crime scene, the victim, and appellant's apartment and truck. After a short recess, the State re-offered all of the evidence from the guilt-innocence phase for the sentencing portion of the trial, which the trial court admitted without objection.

Appellant subsequently testified to the following during the sentencing hearing:

**\*3** [PROSECUTOR:] There are pictures and everything that has come into evidence. There is really not any issue. He was shot twice. If you didn't shoot him, who shot him the second time?

[APPELLANT:] If it serves me correctly, I only fired my weapon once.

[PROSECUTOR:] Okay. And when you shot him, you shot him in the back.

[APPELLANT:] Correct.

[PROSECUTOR:] Right? And you heard all the witnesses that testified. You're the only person they saw with a gun, right?

[APPELLANT:] Yes.

[PROSECUTOR:] And Justin Richardson was walking away from you when you shot him. He had to be. You shot him in the back, right?

[APPELLANT:] Yes.

...

[PROSECUTOR:] Right? You had that gun where on your body? In your waist? In your pocket? Where did you have it?

[APPELLANT:] On my waist, sir.

[PROSECUTOR:] On your waist. And your shirt was covering it, right?

[APPELLANT:] Yes, sir.

[PROSECUTOR:] So when you pulled up your shirt—You had to do that to get the gun, right?

[APPELLANT:] Yes, sir.

The trial court sentenced appellant to life in prison. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE—ARTICLE 1.15

In his first issue, appellant contends the trial court erred in accepting his guilty plea because the evidence offered by the State in support of the plea was insufficient to comply with article 1.15 of the Code of Criminal Procedure.[2] *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West, Westlaw through Ch. 46 2015 R.S.). Additionally, appellant contends that, because his written confession was not sworn before a district clerk and his oral guilty plea was not taken under oath, the requirements for a judicial confession were not met. Appellant further argues he did not plead true to the facts alleged in the indictment.

### A. Standard of Review and Applicable Law

When a defendant chooses to plead guilty, the standard of review set out in *Jackson v. Virginia* for sufficiency of the evidence is inapplicable. *Ex Parte Martin,* 747 S.W.2d 789, 792–93 (Tex. Crim. App. 1988). Texas Code of Criminal Procedure article 1.15 governs sufficiency of the evidence when pleading guilty in a noncapital felony case. TEX. CODE CRIM. PROC. ANN. art. 1.15. The evidence is considered sufficient under article 1.15 when it embraces every element of the offense. *See Stone v. State,* 919 S.W.2d 424, 427 (Tex. Crim. App. 1996); *Chindaphone v. State,* 241 S.W.3d 217, 219 (Tex.App.–Fort Worth 2007, pet ref'd). "A conviction rendered without sufficient evidence to support a guilty plea constitutes a trial error." *Menefee v. State,* 287 S.W.3d 9, 14 (Tex. Crim. App. 2009).

Article 1.15 states:

> No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.

**\*4** TEX. CODE CRIM. PRO. ANN.. art. 1.15. Article 1.15 is "an additional procedural safeguard required by the State

of Texas but not by federal constitutional law." *Ex parte Williams,* 703 S.W.2d 674, 682 (Tex. Crim. App. 1986).

Evidence in support of a guilty plea can take one of four forms: (1) defendant's consent to proffer the evidence in testimonial or documentary form; (2) defendant's consent to an oral or written stipulation of what the evidence against him would be, without necessarily admitting to its veracity of accuracy; (3) defendant entering a sworn written statement; or (4) defendant testifying under oath in open court, specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct. *Menefee,* 287 S.W.3d at 13. "A deficiency in one form of proof ... may be compensated for by other competent evidence in the record." *Id.* "Evidence adduced at a sentencing hearing may also suffice to substantiate a guilty plea." *Jones v. State,* 373 S.W.3d 790, 793 (Tex.App.–Houston [14th Dist.] 2012, no pet.) (citing *Menefee,* 287 S.W.3d at 18–19).

**B. Discussion**

The State argues that appellant's written judicial confession taken along with the evidence admitted during the trial was sufficient to support the trial court's judgment. We agree with the State that the evidence was sufficient to support appellant's plea of guilty to murder.

A judicial confession standing alone is sufficient to sustain a conviction on a guilty plea and to satisfy the requirements of article 1.15. *Dinnery v. State,* 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh'g); *Breaux v. State,* 16 S.W.3d 854, 857 (Tex.App.–Houston [14th Dist.] 2000, no pet.). A judicial confession that simply admits the acts as alleged in the indictment without detailing them is sufficient evidence of guilt. *Adam v. State,* 490 S.W.2d 189, 190 (Tex. Crim. App. 1973). However, a deficiency of one form of proof, such as a judicial confession, can be compensated for by other competent evidence in the record. *Menefee,* 287 S.W.3d at 14. For example, a judicial confession that appellant committed an offense as charged and an in-court affirmation of that judicial confession together constitute compliance with the requirements of article 1.15. *Potts v. State,* 571 S.W.2d 180, 182 (Tex. Crim. App. [Panel Op.] 1978). While a sworn confession is one form of evidence that may support a guilty plea, we note that article 1.15 contains no requirement that a judicial confession be sworn. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15; *Jones v. State,* 857 S.W.2d 108, 110 (Tex.App.–Corpus Christi 1993, no pet.); *see also Walker v. State,* No. 03–03–00018–CR, 2003 WL 21554285, at *1

(Tex.App.–Austin July 11, 2003, no pet.) (mem. op., not designated for publication).

When the judicial confession states, "I have read the indictment or information filed in this case and I committed each and every act alleged therein," the judicial confession standing alone is sufficient to support a guilty plea. *Chindaphone,* 241 S.W.3d at 220. In *Cindaphone,* the defendant pleaded guilty to the offense of sexual assault. *Id.* at 218. The Second Court of Appeals affirmed the judgment of the trial court because his judicial confession indicated he read the indictment and had committed each and every act alleged therein. *Id.* at 220. The operative language of the judicial confession in *Chindaphone* is nearly identical to the language used in appellant's judicial confession. *See id.* Therefore, we conclude that appellant's judicial confession is sufficient evidence to satisfy article 1.15 because he states that he read the indictment filed in the case and "committed each and every act alleged therein" and that "all facts alleged in the indictment or information are true and correct." *See Potts,* 571 S.W.2d at 181.

**\*5** Even if we were to conclude that appellant's judicial confession was deficient, there is other competent evidence in the record to compensate for the deficiency, including the guilt/innocence phase evidence (which was re-offered and admitted at the sentencing hearing) and the sentencing phase evidence. *See Menefee,* 287 S.W.3d at 14. Appellant was seen pulling a gun from his shorts, while bystanders yelled, "Mike, no. Mike, no. Stop, Mike." After witnesses heard shots fired, appellant was seen running from the scene with a gun. Further, during the sentencing hearing, appellant admitted to pulling his gun out from his waistband, pointing it at Justin Richardson, pulling the trigger, and shooting him in the back. *See Jones,* 373 S.W.3d at 793 ("Evidence adduced at a sentencing hearing may also suffice to substantiate a guilty plea."). We conclude that the evidence, when viewed together with the judicial confession, sufficiently embraces every element of the offense.

We next address appellant's contention that he was not placed under oath before entering his guilty plea. Article 27.13 of the Texas Code of Criminal Procedure provides that "[a] plea of 'guilty' or a plea of 'nolo contendere' in a felony case must be made in open court by the defendant in person." TEX. CODE CRIM. PRO. ANN.. art. 27.13. But article 27.13 does not require the plea be made under oath, or even an oral plea. *See Costilla v. State,* 146 S.W.3d 213, 216 (Tex. Crim. App. 2004) (concluding that plea made on behalf of

defendant by his attorney satisfied article 27.13); *Neal v. State,* 400 S.W.2d 550, 551 (Tex. Crim. App. 1966) ("There is no statutory requirement that the plea be in writing and under oath."); *see also Smith v. State,* No. 03–99–00821–CR, 2000 WL 329362, at *1 (Tex.App.–Austin Mar. 30, 2000, pet ref'd) (mem. op., not designated for publication) ("It is not necessary that a defendant be sworn before entering his plea."); *Maldonado v. State,* No. B14–93–00176–CR, 1994 WL 286391, at *3 (Tex.App.–Houston [14th Dist.] June 30, 1994, no pet.) (mem. op., not designated for publication) ("[W]e find no merit in appellant's contention that the trial court erred in accepting his plea of guilty from an unsworn interpreter.") Where, as here, the record demonstrates a defendant's voluntary desire to plead guilty, the defendant is present, and the plea is entered in open court by the defendant,

article 27.13 is satisfied. *See Costilla,* 146 S.W.3d at 216. We overrule appellant's first point of error.

Because we conclude there is sufficient evidence to support appellant's plea of guilty for murder, we need not address the claim that the evidence was sufficient only for a conviction of manslaughter.

## IV. CONCLUSION

We affirm the trial court's judgment.

## All Citations

Not Reported in S.W.3d, 2015 WL 4381223

## Footnotes

1    Pursuant to a docket-equalization order issued by the Supreme Court of Texas, the appeal has been transferred to this Court from the Third Court of Appeals in Austin. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 46 2015 R.S.).

2    Although appellant did not object at trial, we note this issue is preserved for appellate review. Article 1.15 contains an absolute or systematic requirement that "in no event" shall a person be convicted without evidentiary support. *Baggett v. State,* 342 S.W.3d 172, 175 (Tex.App.–Texarkana 2011, no pet.). Therefore, failure to object does not forfeit or waive a claim of error. *Id.; see also McClain v. State,* 730 S.W.2d 739, 742 (Tex. Crim. App. 1987).

**End of Document**                                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

nael F. Reese No. 1883306
2b Unit
4 FM 3328
Anessee Colony TX 75880

Court of Criminal Appeals of Texas
Attn: Abel Acosta, Clerk
P.O. Box 12308, Capitol Station
Austin, Texas 78711

